THE LOGANSPORT, CRAWFORDSVILLE AND SOUTHWESTERN RAILWAY CO. *v.* BUCHANAN.

RAILROAD.—*Appropriation of Land.*—*Evidence.*— In a proceeding to condemn and appropriate land for the way of a railroad company, the inquiry as to the value of the land should relate to the time of the appropriation, and not to the time of the trial of such proceeding.

SAME.—*Practice.*— *Waiver.*—If such a proceeding may be dismissed, on the motion of the land-owner, because the instrument of appropriation deposited with the clerk of the circuit court, as provided in section 15, 1 G. & H. 509, is not signed by any person in behalf of the railroad company, such objection will be waived if not made until a late stage of the proceeding.

From the Montgomery Circuit Court.

*R. B. F. Pierce*, for appellant.

*J. Buchanan*, *M. B. Williams* and *C. D. Whitehead*, for appellee.

DOWNEY, J.—This was a proceeding under section 15 of the railroad law, 1 G. & H. 509, by the appellant against the appellee, to condemn and appropriate certain lands of the appellee for the way of said company. An instrument of appropriation was deposited with the clerk of the circuit court, and appraisers were appointed, who returned their

164        SUPREME COURT OF INDIANA.

The Logansport, Crawfordsville and Southwestern R. W. Co. v. Buchanan.

assessment to the clerk.    The appellee excepted to the award of the appraisers, on several grounds, and, among them, the amount of the compensation allowed.    The trial in the circuit court resulted in a verdict for an increased amount in favor of the appellee.    A motion for a new trial was made by the appellant and overruled, and there was judgment for the amount of the verdict.

The overruling of the motion for a new trial is assigned as an error.

One of the grounds for a new trial was, that the court permitted the appellee to prove by several witnesses the value of the land taken at the time of the trial, instead of confining him to proof of its value at the time when the appropriation was made.

The instrument of appropriation was filed July 25th, 1871, and the trial took place in May, 1873.    Counsel for appellee do not attempt to sustain this ruling, and it seems to us that it cannot be sustained.    *Indiana Central R. R. Co.* v. *Hunter*, 8 Ind. 74.

The appellee has assigned a cross error, alleging that the court erred in overruling a motion made by him to set aside and dismiss the proceeding, because the instrument of appropriation was not signed by any person in behalf of the railroad company.    This motion was made March 16th, 1872, after the exceptions were filed.

It is urged by counsel for the appellee, that the proceeding is *ex parte*, in derogation of private right, involving a conveyance of real estate in fee simple, without the owner's consent, and that therefore the law must be strictly complied with by the company, or it can acquire no right as against the landowner.

The language of the said fifteenth section is this:

"The corporation shall forthwith deposit with the clerk of the circuit or other court of record of the county where the land lies, a description of the rights and interests intended to be appropriated, and such land, rights and interests shall

belong to such company, to use for the purpose specified, by making or tendering payment as hereinafter provided."

The section then proceeds to state how the rights, etc., may be acquired.

Perhaps it will be useful, in disposing of this question, to bring together the dates of the several steps taken in the cause. The instrument of appropriation, which the clerk states was filed by the attorney of the railroad company, and which recites or states that it is a description of the lands, rights and interests intended to be appropriated by the company, was filed on the 25th day of July, 1871. On the same day, the clerk issued a notice to the appellee of the filing of such instrument, and accompanying it was a copy of the instrument of appropriation. In July, 1871, the day not appearing, the appraisers were appointed and required to meet July 31st, 1871. On the 22d day of August, 1871, the appraisers filed in the clerk's office their award. On the 26th day of the same month, the appellee filed the exceptions to the award. The foregoing acts took place in vacation.

On the 12th day of September, 1871, in term, there was a rule against the company to answer the exceptions. On the 18th day of September, 1871, it was ordered that the rule to answer be set aside. On the 15th day of December, 1871, the railroad company moved the court for a change of venue, which was allowed and ordered. The change not having been perfected by the company, the appellee, on the 15th day of March, 1872, moved the court, on that account, to render judgment for all costs in the cause against the company, which motion was sustained, and the judgment rendered. On the 16th day of March, 1872, the appellee moved the court to dismiss the proceeding, because the instrument of appropriation was not signed by any one on behalf of the company.

We think that if the objection could have been successfully made at any time, a point we need not now decide, it was waived, because it was not made at an earlier stage of the proceeding. Redf. Railw., vol. 1, p. 286, 5th edition.

We are not called upon to decide in this case what should be the rule in a case where the objection that the instrument of appropriation is not subscribed is made in due time, and the objection is not waived. We hold that the cross error cannot be sustained.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.