THE PITTSBURGH, FT. WAYNE AND CHICAGO RAILWAY CO. v. SWINNEY.

RAILROAD.—*Appropriation of Land.*—*Appeal from Assessment.*—*Amendment.*— On an appeal to the circuit court from an assessment of damages in a proceeding under sec. 15, p. 704, 1 R. S. 1876, to appropriate certain land for railroad purposes, at any time pending a motion to strike out exceptions to the assessment, the exceptions may be amended by the filing of an additional exception, presenting a question proper to be tried on such appeal, as the question of the inadequacy of the damages assessed.

SAME.—*Evidence.*— *Value of Land.*—*Cross-Examination.*—Where, on the trial of such an appeal, a witness for the land-owner has been examined in chief, generally, as to the land sought to be appropriated, the material it contains, value, etc., it is error to sustain an objection to a question, on cross-examination of such witness, requiring him to state the value of the land, including all the materials in it, as it lies, how much it is worth per acre in the market, though said witness may have answered such question on his examination in chief.

SAME.—*Instruction to Jury.*—*Inspection of Premises by Jury.*—Where, on such trial, the jury, under charge of an officer, examined the premises, it was error to instruct the jury, that the sworn testimony given upon the stand, bearing upon the subject in controversy, and such reasonable deductions as were legitimately to be drawn from it, *in connection with such facts as presented themselves in viewing the premises*, constituted the only proper basis on which to rest their verdict, and afforded the only test and criterion by which they were to fashion and fix it.

SAME.— *Value of Land.*—On such trial, an instruction to the jury, from

The Pittsburgh, Ft. Wayne and Chicago Railway Company *v.* Swinney.

which they might understand, that, in ascertaining the amount of the damages, they were to consider the value of the land as such, and also the value of the gravel existing on the premises, was erroneous.

From the Whitley Circuit Court.

*J. Brackenridge, W. H. Coombs, J. Morris, R. C. Bell* and *W. H. H. Miller,* for appellant.

*J. A. Fay, L. M. Ninde, J. I. Best* and *C. A. O. McClellan,* for appellee.

BIDDLE, C. J.—Proceedings commenced in the Allen Circuit Court, against the appellee, by the appellant, to appropriate certain land, under the authority of section 15, 1 R. S. 1876, p. 704, for railroad purposes. A survey of the land was made, an instrument of appropriation filed in the clerk's office, appraisers were appointed, the damages assessed, and the assessment returned to the clerk of the court.

Within ten days after the return of the assessment, the appellee filed seventeen exceptions.

The appellant moved to strike out the exceptions, and, pending the motion, the appellee filed an amended eighth and thirteenth exceptions, and an additional eighteenth, nineteenth and twentieth exceptions.

A motion was made by the appellant to strike out the amended and additional exceptions.

Various proceedings were had upon these motions, which, as will appear by the subsequent action of the court, need not be particularly stated. Upon the application of the appellant, the venue was changed to the Whitley Circuit Court. In the Whitley Circuit Court, upon motion of the appellant, the court struck out all the exceptions except the twentieth, to which ruling both parties excepted. The appellant then demurred to the twentieth exception, but, without any action on the demurrer by the court, afterwards replied, and thus put the case at issue, by a general denial.

Trial by jury; verdict for appellee.

Upon a motion for a new trial overruled, and exception reserved, the following questions were raised and discussed by the parties in the briefs:

1. It is contended by the appellee, that, as the motion upon which the court struck out all the exceptions to the assessment of damages, except the twentieth, did not specify an exception marked "5 a," it still, therefore, remains in the record. The language of the court, in acting upon the motion to strike out, was as follows:

"Sustained, viz., as to all except the 20th amended exception, and as to the 20th amended exception overruled."

The appellee may be correct in this view, but we do not decide the question, as, from the view we take of the case, it is not material to its decision.

2. The refusal of the court to strike out the 20th amended exception is assigned as error; but we think in this ruling the court was right. The 20th exception presents the question of the inadequacy of the damages assessed. This is a proper question to be tried on appeal from the assessment, and we are of the opinion, that, as to that, section 17 of the act under which these proceedings are had, which enacts that "the court shall also have power at any time to amend any defect or informality in any of the special proceedings authorized by this act, as may be necessary," etc., authorizes such an amendment to be made; and, if such an amendment could be made, it was not error to refuse to strike it out after it had been made.

3. Maurice Cody was called as a witness by the appellee, and examined in chief, generally, as to the land sought to be appropriated, the material it contained, value, etc. On cross-examination, the appellant asked the witness Cody to state the value of the land, "including all the materials in it, just as it lay, how much was it worth per acre in the market?" This question was objected to by appellee, the objection sustained, and excep-

tions reserved. We must hold this ruling erroneous. The value of the land was a material fact in estimating the damages for appropriating it; and it was the appellant's right to have it answered on cross-examination. But the appellee contends that the witness had answered the question in his examination in chief, and, therefore, that there is no error in the ruling. We do not find any direct answer to such a question in the examination in chief; and, if there had been, it would not preclude the appellant from cross-examining the witness upon the same point, by the same question, to test the knowledge and experience of the witness concerning the subject about which he was testifying.

4. At the commencement of the evidence in the case, the jury, on motion of the appellant, was sent, under the charge of the sheriff, to examine, and did examine, the premises in controversy. In reference to this examination and upon the request of the appellee, the court instructed the jury as follows:

" The sworn testimony given upon the stand, bearing upon this subject, and such reasonable deductions as are legitimately to be drawn from it, in connection with such facts as presented themselves in viewing the premises, constitute the only proper basis on which to rest your verdict, and afford the only test and criteria, by which you are authorized to fashion or fix it."

It seems to us that this instruction can not be upheld. It is impossible to know what facts presented themselves to the jury in viewing the premises, or whether they were competent or incompetent evidence. We can not presume, therefore, that the appellant was not injured thereby.

5. The court also, at the request of the appellee, instructed the jury as follows:

" In ascertaining the amount of damages, you are to consider the value of the land as such at the time it was appropriated; the extent of the injury which would

naturally result to such adjoining lands as are owned by the defendant, Swinney, by the lawful and careful use of the premises for the purposes to which they are sought to be dedicated; the value of any gravel existing on the premises, and the extent of any injury which would naturally result to Swinney's adjoining land by the removal or excavation of such gravel by the railroad company, in an ordinarily careful and prudent manner."

This instruction seems to say to the jury, that, in ascertaining the amount of the damages, they are to consider the value of the land as such, and also the value of the gravel existing on the premises. It may be that the learned judge did not intend it to have that meaning, but there is great danger, from the language used, that the jury so understood it; at least it is too uncertain to be held as a safe rule of law. Gravel *in situ* is land, and while *in situ* can not be estimated as gravel separated from the land, and its separate value added to that of the land, to ascertain by that means the amount of damages sustained by the appropriation of the land. Land may be more valuable because it contains gravel, and an instruction to that effect would not be improper.

6. The appellant insists, that the damages are excessive. From the ruling upon evidence, and certain instructions given to the jury, which we have been constrained to hold as erroneous, the tendency was to increase the damages beyond a just amount; but, as the case will be tried again, we express no opinion upon the question of damages.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings. This judgment is rendered as of the term at which the case was submitted.