Wagner v. The State.

---

## WAGNER v. THE STATE.

CRIMINAL LAW.—*Practice.—New Trial.—Assignment of Error.—Supreme Court.—Instructions.—Evidence.*—Error in giving or refusing instructions to the jury, or in admitting or excluding evidence, is cause for a new trial, but can not be properly assigned as error on appeal to the Supreme Court.

SAME.—*Betting on Election.—Indictment.*—An indictment, charging the defendant with losing money by betting on an election, which alleges the purchase, by the defendant, of a chattel, at its alleged value, to be paid for, at that price, only in the event of the election of a candidate named, to a particular office, at a certain election, is insufficient

From the Jennings Circuit Court.

Wagner v. The State.

*T. C. Batchelor*, for appellant.

*T. W. Woollen*, Attorney General, for the State.

Howk, C. J.—The indictment in this case charged, in substance, that the appellant, on the 10th day of October, 1876, at Jennings county, Indiana, "did then and there unlawfully lose to John B. Reiley ten dollars, of the value of ten dollars, by then and there unlawfully betting and wagering one gold finger-ring with the said John B. Reiley, of the value of ten dollars, as follows, to wit: The said Elmer Wagner then and there bought of the said John B. Reiley one gold finger-ring, of the value of ten dollars, to be paid for at that price, when James D. Williams should be elected Governor of the State of Indiana, otherwise not to be paid for at all, which finger-ring was then and there delivered to the said Elmer Wagner; the said event to be determined by the result of an election held on the 10th day of October, A. D. 1876, in the said State of Indiana, for the election of a Governor for said State, and for which office the said James D. Williams was then and there a candidate."

The appellant moved the court to quash the indictment, which motion was overruled, and to this ruling he excepted. He waived an arraignment and, for plea to the indictment said that he was not guilty as therein charged. The issues joined were tried by a jury, and a verdict was returned, finding the appellant guilty as charged, and assessing his fine in the sum of ten dollars. The appellant's written motion for a new trial was overruled, and to this ruling he excepted; and his motion in arrest of judgment having been overruled, and his exception saved to this ruling, judgment was rendered on the verdict.

In this court, the appellant has assigned, as errors, the following decisions of the circuit court:

1. In overruling his motion to quash the indictment;

2. In giving the jury certain specified instructions;

3.   In refusing to give certain specified instructions at the appellant's request;

4.   In overruling his motion for a new trial;

5.   In overruling his motion in arrest of judgment;

6.   In permitting a certain witness to answer a certain question; and,

7.   In permitting the same witness to answer a certain other question.

The second, third, six and seventh of these alleged errors are merely causes for a new trial, and are improperly assigned, in this court, as independent errors.

The controlling questions for decision in this case, as it seems · to us, arise on the first and fifth of the errors complained of,—the overruling of the appellant's motions to quash the indictment, and in arrest of judgment. These two errors, the first and fifth, alike call in question the sufficiency of the indictment.

We have two statutes in this State, which were evidently intended to prevent betting or wagering upon the result of an election, by making the same a misdemeanor or public offence, and prescribing proper punishment therefor. These two statutes were both enacted at the same session of the Legislature, in the year 1857; and, as neither of the statutes contained an emergency clause or section, they became laws on the same day, to wit, on the 24th day of August, 1857. While the two statutes were no doubt enacted for the same general purpose, yet the phraseology of each is widely different from that of the other of the said statutes. One of these statutes is the amended section 28 of the act defining misdemeanors and prescribing punishment therefor; and the other is an act entitled "An act to prevent betting on elections, and providing punishment for the same." They are both to be found on page 468, 2 R. S. 1876.

From the language used in the indictment, in the case

at bar, it is very clear, we think, that it was intended to charge the appellant, in and by said indictment, with the commission of the offence which is defined in the amended section 28 of the misdemeanor act. This section reads as follows:

"Sec. 28. Every person who shall by playing or betting at or upon any game or wager, or upon the result of any election, either lose or win any article of value, shall be fined in any sum not less than the value of the article so lost or won, nor exceeding twice the value thereof, and any one of the persons so betting or playing may be compelled to testify against the others therein concerned." *Supra.*

It is charged in the indictment, in the case now before us, that the appellant "did then and there unlawfully lose to John B. Reiley ten dollars." But, upon the facts stated in the indictment, in describing the appellant's bet or wager with John B. Reiley, we confess that we can not see how it could be possible for the appellant to lose ten dollars, or any other sum, upon the result of that bet or wager. He might possibly have won the finger-ring upon the result of the election; but, in no event, could he lose any sum whatever upon the result of the bet or wager described in the indictment. He bought and actually received from Reiley a finger-ring of the value of ten dollars, and at the agreed price of ten dollars. It was agreed between him and Reiley, that, if James D. Williams should be elected Governor of Indiana, at the October election, 1876, he would pay Reiley the price and value of the ring; but, if Williams should not be elected Governor, at said election, he should not be required to pay any price for the ring. This was the bet or wager described in the indictment; and it is a clear proposition, too plain for argument, as it seems to us, that whatever might have been the result of such bet or wager, it was impossible for the appellant to

lose by means of such result. He had bought a finger-ring, at its actual value, but was only to pay for it on the happening of an uncertain event. If the event happened, he lost nothing, but would only be required to pay the fair price and value of an article he had bought and received; if the event did not happen, he might win, but certainly he could not lose.

In our opinion, the indictment showed upon its face that the appellant was not and could not be guilty of the offence intended and attempted to be charged against him. The facts stated in the indictment did not constitute the public offence wherewith it was intended and attempted to charge the appellant.

For this reason, we think the appellant's motion to quash the indictment ought to have been sustained. 2 R. S. 1876, p. 399, sec. 101.

The judgment is reversed, and the cause is remanded, with instructions to sustain the appellant's motion to quash the indictment.