The Lafayette, Muncie and Bloomington R. R. Co. *v.* Murdock *et al.*

---

THE LAFAYETTE, MUNCIE AND BLOOMINGTON R. R. Co. *v.* MURDOCK ET AL.

RAILROAD.—*Proceeding to Appropriate Land already Occupied.—Measure of Damages.— Time.—Instruction.*—In a proceeding by a railroad company, against a land-owner, to appropriate for its railroad land entered upon and occupied by it previous to the institution of such proceeding, the circuit court instructed the jury that their "inquiries as to the amount of damages sustained by the " land-owner, " if any, should relate to the time of the filing of the act of appropriation."

*Held*, that the instruction was proper.

SAME.—*Occupation of Canal Bank.*—It was proper in such proceeding to refuse to instruct the jury, that the land-owner was not entitled to any damages on account of the company's occupation of a bank of the Wabash & Erie Canal, the fee-simple of which was in the land-owner

The Lafayette, Muncie and Bloomington R. R. Co. *v.* Murdock *et al.*

Same.—*Increased Danger of Fire, Rate of Insurance, and Depreciation of Rents.*—It was likewise proper to refuse to instruct the jury that they should not consider the increased danger of fire emitted by the company's loco-motives, the increased cost of insurance, nor the consequent decrease of rental value.

Same.—*Injury to Buildings and Business.*—Injury to a warehouse on the ground in question, and to the facilities for using it, properly enters into the measure of damages.

Same.—*Damages for Trespass no Defence.*—A judgment in favor of the land-owner, against the company, in such case, for its unlawful entry on his premises prior to the institution of its proceeding to appropriate, is not competent evidence for the company.

Practice.—*Harmless Refusal of Instruction.*—Where the substance of an instruction asked and refused is covered by one given, the refusal is harm-less.

Same.—*Assumption of Fact.*—An instruction assuming, as proved, a fact in controversy, should be refused.

From the Tippecanoe Circuit Court.

*W. C. Wilson, J. H. Adams, G. H. Chapman* and *U. J. Hammond,* for appellant.

Biddle, J.—Proceedings to appropriate lands for a rail-road, by the appellant, against the appellees.

The appellees excepted to the instrument of appropria-tion assessing the damages, and, on appeal to the circuit court, the damages were reassessed. At the trial the ap-pellant asked certain instructions which were refused, and offered certain evidence which was rejected; and these rulings present the only questions in the case for our decision.

There was evidence given at the trial, tending to prove that the appellant entered upon the ground in question in the year 1872, and established its railroad track thereon, without having legally appropriated it for that purpose, and continued to use the same. These proceedings to estab-lish the appropriation were commenced February 21st, 1877. In view of this evidence, the appellant asked the court, by instruction numbered two, to charge the jury as follows:

" That the question of damages in this proceeding must

relate to the time of the institution of this proceeding, to wit, February 21st, 1877; that whatever damage to the estate of Murdock had been caused by any act of the company prior to that time, either by entering upon the said part of said street and holding possession thereof, or by placing dirt and gravel and by laying iron rails thereon, or by moving locomotives, steam engines and cars over the same, or, on the other hand, whatever benefit or improvement, if any, the company may have done said estate prior to said date, can not be considered by you. You are to look at said property as it was on said 21st day of February, 1877, and determine what damage the Murdocks are entitled to receive for the permanent appropriation for railroad purposes of the parcel of ground described in the notice, in the condition as to surface and otherwise in which said street and the abutting property were at that time."

The court refused to give the instruction in the words as above, but gave the following instruction:

"Your inquiries as to the amount of damages sustained by the plaintiffs, if any, should relate to the time of the filing of the act of appropriation."

We think this instruction, as given by the court, expresses the law, and essentially covers the ground of the instruction refused. The refusal, therefore, constitutes no available error. *Graham* v. *The Connersville and New Castle Junction R. R. Co.*, 36 Ind. 463; *The Logansport, Crawfordsville and S. W. R. R. Co.* v. *Buchanan*, 52 Ind. 163.

There was evidence before the jury, tending to show that the berme bank of the Wabash and Erie canal was upon a part of the premises sought to be appropriated, and the scope of instructions numbered five, six, seven, eight and nine, was to the effect that, for the appropriation of that part of the ground covered by the berme bank, the appel-

lees were not entitled to recover damages, although they owned the fee-simple in the land.

We think these instructions were properly refused. The appropriation sought by the appellant would be an additional easement to that of the berme bank of the canal, for which the appellees, if they were the owners of the soil in fee, would be entitled to recover damages. This is in principle with the case of *Cox* v. *The Louisville, New Albany and Chicago R. R. Co.*, 48 Ind. 178, which holds that the construction of a railroad upon and along a street in a city is an additional appropriation of the soil, that will entitle the owners of an adjoining lot to damages therefor.

Instructions numbered ten, eleven and twelve, asked and refused, are technically objectionable in this, that they assume certain facts as admitted, and certain facts as proved, which were solely for the jury to decide from the evidence ; they were, therefore, properly refused for this reason, if for no other.

The instructions numbered thirteen, fourteen, fifteen and sixteen, are to the effect that the increased danger from fire emitted from the locomotives, the increased cost of insuring the buildings and their contents, and the decreased rental value of the buildings, in consequence of the appropriation sought, are not proper elements entering into the assessment of damages against the appellants.

The instructions were well refused. All of the elements mentioned are proper for the consideration of the jury in assessing the amount of damages. *The White Water Valley R. R. Co.* v. *McClure*, 29 Ind. 536 ; *Swinney* v. *The Fort Wayne, Muncie and Cincinnati R. R. Co.*, 59 Ind. 205. See, also, *Grand Rapids and Indiana R. R. Co.* v. *Horn*, 41 Ind. 479 ; *The Baltimore, Pittsburgh and Chicago R. R. Co.* v. *Lansing*, 52 Ind. 229 ; *The Pittsburgh, Fort Wayne and Chicago R. W. Co.* v. *Swinney*, 59 Ind. 100.

By instruction nineteen the appellant asked the court

to charge the jury that "The measure of damages in this proceeding is not the injury which may have been done to the property as a warehouse property, neither the injury to the warehouse property and its use for warehouse purposes,    *    *    *    but what is the value of the strip of ground taken subject to the street easement, and what the difference in value in the property abutting such strip, for any purpose, whether it be for warehouse purposes, with different arrangements for receiving and discharging grain, or any other purpose."

The court committed no error in refusing this instruction. It is clearly erroneous. The warehouse was a part of the land; and an injury to the warehouse as a building, or in its arrangements and facilities for the business of a warehouse, was an injury fairly to be considered by the jury in assessing the amount of damages.

At the trial the appellant offered in evidence the record of an action in trespass, brought by the appellees against the appellants, wherein they had recovered a judgment for five hundred dollars against the appellant, for injuries done to the property by entering upon it and constructing its railroad, without having first legally appropriated the ground. An objection was made to the record as evidence, by the appellees, and sustained by the court, to which ruling the appellant excepted. The argument is, that the appellees can not recover damages in an action of trespass for the injury done in establishing the railroad upon their premises without authority, and afterwards recover damages for the same injury when the appellant seeks to appropriate the land legally, for this would be to allow them to recover their damages twice. But this argument is not sound. It might be answered as follows: The appellant can not, by an unlawful act, appropriate the lands of the appellees for its railroad, and suffer judgment for the trespass; then, after the injury is done, seek to lawfully ap-

propriate the same lands for the same purpose, and confine the assessment of the damages to the condition of the property at the time the application is made, after the injury was committed, and then answer the damages by the judgment against it in trespass for the injury, to the amount recovered; for this would be to allow the appellant to avail itself of the amount of the judgment twice, once by reducing the value of the property by that amount by a trespass, and again by so far answering the damages assessed in favor of the property in its reduced condition.

The amount of the damages in the present case, having been assessed according to the condition of the property at the time the appropriation in this case was made, is less the amount of injury done to the property by the appellant in establishing its railroad on the premises, before that time, without first having appropriated the ground lawfully; so that the amount of the judgment, and the amount of damages in this case, are no more than the appellees ought to have recovered, if the appropriation had been lawfully made, without the railroad being on the premises. If the damages in this case could have been assessed according to the condition of the property as it would have been without the railroad upon it, there would be some plausibility in the appellant's argument, but, as this could not be done, we can not regard the argument as expressing a sound legal principle.

The court did not err in sustaining the objections to the evidence.

The judgment is affirmed, at the costs of the appellant.