The Chicago and Indiana Coal Railway Company v. Hunter et al.

Filed May 12, 1891.

———————◆———————

No. 14,857.

THE CHICAGO AND INDIANA COAL RAILWAY COMPANY
v. HUNTER ET AL.

PRACTICE.—*Pleading.*—*Leave to Amend.*—*Discretion of Court as to.*—*Rule on Appeal.*—The granting of leave to amend pleadings, after the issues are closed, and especially pending the trial, is a matter resting largely in the discretion of the trial court. It is only in cases where there seems to have been an abuse of that discretion, apparently resulting in injustice, that the Supreme Court will interfere. Where the record shows that the party requesting leave to amend could not possibly have been injured by the refusal of the court to permit it, the question whether or not the court abused its discretion will not be inquired into.

SAME.—*Errors.*— *When Party can Complain.*—A party can only complain of the court's errors when he is injured by them.

SAME.—*Errors Assigned.*— *When Waived.*—A party to be entitled to have alleged errors considered must do more than merely call attention to them, and assert that they are errors. Unless there is at least an attempt at argument, or something to indicate wherein they are claimed to be erroneous, aside from the mere assertion, they will be considered as waived.

EMINENT DOMAIN.—*Condemnation Proceedings.*—*Measure of Damages.*—*Assessment of Damages.*—The rule in condemnation proceedings is that all damages present or prospective, that are the natural or reasonable incident of the improvement to be made, or work to be constructed, not

128 213
132 437
128 213
138 311
128 213
146 53
128 213
149 179
150 680
128 213
154 340
128 213
167 57
168 210
168 218
168 242
168 243

including such as may arise from negligence or unskilfulness, or from the wrongful act of those engaged in the work, must be assessed. Damages are assessed once for all, and the measure should be the entire loss sustained by the owner, including in one assessment all injuries resulting from the appropriation.

SAME.—*Damages.— What May be Considered in Estimating.—Railroad.*—In an action for the appropriation of lands by a railroad company, it was proper to instruct the jury that they might consider the manner in which the land would be divided by the line of the railroad as affecting the size and shape of the fields, the access of stock to water, the passage from one part of the farm to another, the possible danger from fire emitted from the locomotives, etc.

From the Benton Circuit Court.

*S. H. Spooner, W. H. Darroch* and *U. Z. Wiley,* for appellant.

*E. P. Hammond, W. B. Austin, M. H. Walker, G. H. Gray* and *T. C. Annabal,* for appellees.

McBRIDE, J.—This was a proceeding by the appellant for the appropriation of certain lands in Newton county belonging to appellee Elijah Hunter for right of way.

Appraisers, duly appointed, having made their report, both parties filed exceptions to the award. The cause was taken on change of venue to Benton county, where it was tried by a jury. On the third day of the trial, but before the appellees had closed their evidence, the appellant filed its written motion, supported by affidavits, for leave to amend its articles of appropriation. This motion the court overruled. Appellant insists that the court erred therein, and it is over this question the principal controversy is waged. Appellees insist that the question is not properly in the record, but in this they are in error. It was properly saved and is fairly presented.

As a rule, the granting of leave to amend pleadings, after the issues are closed, and especially pending the trial, is a matter resting largely in the discretion of the trial court. It is only in cases where there seems to have been an abuse of

that discretion, apparently resulting in injustice, that this court will interfere.

In the case of *Chicago, etc., R. W. Co.* v. *Jones*, 103 Ind. 386, the court said : " Whether a party shall be allowed to amend his pleadings after the issues are closed, is a matter resting very much in the discretion of the *nisi prius* court. The fact that in such a case leave of court is necessary, implies the right of the court to refuse permission to amend in any case except upon good cause shown, and, even when a showing is made, the matter is still within the legal discretion of the court, the leave to be granted or refused accordingly. But the decision of the *nisi prius* court, when cause is shown, is not conclusive. It may be reviewed in this court, and will be disapproved when substantial injustice appears to have been done."

It will be necessary for us to examine the entire record to determine whether or not, in the language of the court just quoted, "substantial injustice appears to have been done." If, from such an examination, it appears that no injustice resulted to appellant by reason of the refusal to permit the amendment, we will not be justified in reversing the cause upon that ground.

The exceptions filed by the appellee Hunter contained the following :

"*b.* Said lands of said defendant, other than that appropriated by said plaintiff, are, and will be, damaged in the sum of one thousand dollars on account of being caused to overflow with water by reason of the defective drainage made, and to be made, by said plaintiff on each side of its railroad track on said right of way, and by reason of the insufficient culverts and unnecessary culverts constructed by it across its right of way.

" *c.* By reason of its said appropriation, and the manner in which said plaintiff has dug trenches on each side of its railroad track on said right of way, said defendant will be

put to an expense of one thousand dollars in drainage on his said lands, not proposed to be appropriated by said plaintiff."

There was evidence showing that on the south line of the land of appellee, Elijah Hunter, there was a ditch running east and west, in which the water flowed to the west. On the north side of this ditch there was an embankment some two feet high, made to prevent the water from overflowing from the ditch and running north on said appellee's land, the flow of the water being naturally northward from the ditch. The appellant, in making its railroad, cut this embankment on the right of way proposed to be appropriated in this action, and there was evidence tending to show that it did not securely repair the breach, and that, as a consequence, the water, in times of freshets, broke through or over the opening and overflowed a large quantity of appellee's land. There was, however, conflict in the evidence as to the condition in which appellant left the embankment, there being testimony upon its part tending to show that at the time of the trial the embankment had been restored to its normal condition.

The amendment which appellant proposed to make is as follows:

" The plaintiff agrees to construct and maintain an embankment on and across its said right of way of the uniform height of two feet, being as high as the face of the railroad at that point from the surface of the ground, at a point on its said right of way at or near the southeast corner of the northwest quarter of section eleven, in township twenty-seven north, of range eight west, in Newton county, Indiana. Said embankment so agreed to be constructed and maintained by the plaintiff, to connect with either side of the road-bed of plaintiff at that point, and also connecting with an embankment heretofore constructed and existing at that point along the north bank of an open ditch passing at this point, and in line with said old embankment. Said embankment to be so constructed as to form with said old

embankment and the road-bed of said plaintiff's railroad, a complete barrier and levee, to resist the overflow of water to the full height of two full feet from the common surface of the ground at that point, and so protect the land of said defendant, Elijah Hunter, from the overflow of water from said open ditch or from any other source.

"Plaintiff further agrees to construct and maintain borrow pits or ditches along either side the line of its road-bed, through and across the lands of defendant, Elijah Hunter, over which the same passes, to wit: The northwest quarter of section eleven, the southeast quarter of section three, and the southwest quarter of section two, in said town and range, and to construct and maintain at the farm and public highway crossings on said land, culverts and waterways, so as to afford a free and unobstructed flow of water down and along said right of way, and discharge the same off and through the culverts and waterways at said public highway crossings, and to fill up and maintain at the west line of the public highways, on the east line of the southeast quarter of said section three, all borrow pits, ditches and excavations there made by them on its right of way at that point, and to form, construct and maintain at that point an embankment of the height of one foot from the common surface of the ground across its right of way so as to form a complete barrier against the flow of water through, over and across the right of way of plaintiff at that point upon and across the lands of said Elijah Hunter."

Those portions of the exceptions quoted were evidently intended to lay the foundation for the recovery of damages for permanent injury to the land by reason of the destruction of the embankment which protected the land from overflow by the surplus waters of the ditch.

The amendment proposed to be made to the articles of appropriation was of course designed to remove that element, and prevent the recovery of damages because of any such permanent injury. Much evidence was introduced by the

appellee addressed to that point. The jury, however, found against the appellee, and did not allow any damages for any such permanent injury.

The jury returned a general verdict and also answers to special interrogatories propounded by both parties.

The twenty-seventh interrogatory propounded by the appellant to the jury, and the answer of the jury thereto, were as follows:

" 27. In estimating the damage of the defendant Elijah Hunter, if you find that he has sustained any damages by reason of the appropriation by plaintiff of its right of way over and across the northwest quarter of section 11, the southwest quarter of section 2, and the southeast quarter of section 5, in township twenty-seven north, of range eight west, in Newton county, Indiana, and the construction of its railroad thereon, what amount of damages, if any, do you find that said defendant sustained on account of any permanent injury to said lands, and to the northeast quarter of section ten in said township and range, by reason of overflow of water on said lands, caused by the construction of plaintiff's railroad? Answer. None."

It is manifest that if the jury allowed no damages for any permanent injury to the land by reason of overflow of water the appellant was not harmed because not allowed to file an amendment, the sole purpose of which was to prevent the recovery of damages for such assumed permanent injury. It is therefore unnecessary for us to inquire whether or not on the showing made the court abused its discretion in refusing to permit the amendment.

Counsel for appellant insist with much earnestness that notwithstanding this answer the circumstances all indicate that the jury considered such matters, and that we must presume that they did consider them, and did allow damages on account thereof. The answer of the jury is conclusive, and we can not disregard it.

Appellant moved for a judgment in its favor on the an-

swers to interrogatories notwithstanding the general verdict, and urges that the court erred in overruling the motion.

Counsel say the answers are irreconcilable and inconsistent with the general verdict. They do not point out the particulars wherein they are inconsistent and irreconcilable, and we might well disregard the alleged error. We have, however, examined the interrogatories, and the only inconsistency apparent seems to be that by the answers to the interrogatories the appellees are shown to be entitled to a greater sum for damages than that allowed by the general verdict. In our opinion this is something of which appellant can not complain.

The questions next discussed arise on the motion for a new trial, and relate to the action of the court in giving and and refusing certain instructions.

Of these instructions, the seventh and twelfth, tendered by the appellant and refused, the sixth, tendered by the appellees and given, and the first, given by the court of its own motion, all relate to the claim of appellee to permanent damages to his land, growing out of the alleged destruction or breaking of the embankment and consequent overflowing of his land.

Like the question presented on the action of the court in refusing to allow the amendment of the articles of appropriation, we need not consider whether the court erred or not in either refusing or giving these instructions. The appellees having recovered nothing on that portion of their claim, no injury resulted to the appellant. A party can only complain of the court's errors when he is injured by them.

The tenth and eleventh instructions tendered by the appellant, and refused by the court, are as follows:

" 10. If you find, from the evidence, that the plaintiff's road over the land of Elijah Hunter, in controversy in this action, was not completed at the beginning of this suit, and at this time, then, in your estimate of damages, which we

will sustain, if any, you will only consider such as will naturally result from the proper construction of said road.

"11. Your estimate of damages to Elijah Hunter, if you find he has sustained any, by the construction of plaintiff's road upon his land, will be confined to the time immediately after the appropriation by the plaintiff of its right of way over the land in controversy, and you will not be permitted to consider any damages which will not result from the proper construction of the plaintiff's road."

It may well be said as an abstract proposition that the damages proper to be awarded in such cases are only such as will result from a *proper* construction of the road. The presumption is, that the road will be constructed in a proper manner. For injuries resulting from a negligent construction, or from any wilful misconduct in its construction, an action will lie, notwithstanding the property has been regularly condemned and compensation awarded. *Pittsburgh, etc., R. W. Co.* v. *Gilleland*, 56 Pa. St. 445; *Southside R. R. Co.* v. *Daniel*, 20 Grattan, 344.

The rule in condemnation proceedings is that all damages, present or prospective, that are the natural or reasonable incident of the improvement to be made, or work to be constructed, not including such as may arise from negligence, or unskilfulness, or from the wrongful act of those engaged in the work, must be assessed.

Damages are assessed once for all, and the measure should be the entire loss sustained by the owner, including in one assessment all injuries resulting from the appropriation. Elliott Roads and Streets, 199, and cases there cited; *White* v. *Chicago, etc., R. R. Co.*, 122 Ind. 317.

In instruction numbered eight, tendered by the appellant, and those numbered two and three, tendered by the appellee, the court gave to the jury full and fair instructions relating to the measure of damages.

Among other things the jury was properly instructed that they might consider the manner in which the land was di-

vided by the line of the railroad as affecting the size and shape of the fields, as affecting the access of stock to water, as affecting the passage from one part of the farm to another, as affecting the possible danger from fire emitted from the locomotives, to which might have been added many other things either annoying or hurtful, necessarily incident to the permanent location and operation of a railroad across one's premises.

We think the tendency of the above instructions numbered ten and eleven, if given to the jury, would have been to confuse if not mislead them.

The rule indicated, when addressed to a jury for their guidance, is too narrow, and in our judgment the court did not err in refusing to give the instructions.

Ten errors are assigned, but the appellant only discusses the three which we have considered.

The motion for a new trial, which presents the alleged errors of the court in giving and refusing instructions, assigns in all nineteen reasons for a new trial. Of the reasons not discussed counsel in their brief say : " We will content ourselves in this brief by merely calling the attention of the court to these questions, with the suggestion that in the admission of the evidence pointed out, and to which the appellant at the time objected, the trial court erred, and that the appellant is entitled to the consideration of these errors." To be entitled to have alleged errors considered a party must do more than merely call attention to them and assert that they are errors. Unless there is at least an attempt at argument, or something to indicate wherein they are claimed to be erroneous, aside from the mere assertion, they will be considered as waived.

Judgment affirmed, with costs.

Filed May 1, 1891.