## INDIANA STONE RAILROAD COMPANY v. STRAIN.

[No. 3,519.  Filed November 26, 1901.]

EMINENT DOMAIN.—*Railroad Right of Way.—Damages to Adjoining Land.*—Damages suffered by a landowner from throwing rocks and soil upon his adjoining land in the necessary work of constructing a railroad on land appropriated as a right of way is a proper element of damages for such appropriation.

From Owen Circuit Court; *G. W. Grubbs,* Judge.

Condemnation proceedings by the Indiana Stone Railroad Company against William Strain. Plaintiff appeals claiming that excessive damages were awarded defendant. *Affirmed.*

*E. C. Field, W. S. Kinnan, I. H. Fowler* and *T. G. Spangler,* for appellant.
*H. A. Lee* and *L. M. Grimes,* for appellee.

COMSTOCK, C. J.—The case is one for the condemnation of the right of way for railroad uses by the appellant over

the lands of appellee. Such proceedings were had in the Monroe Circuit Court that appraisers were appointed and reported the damages sustained by appellee by reason of the appropriation. Afterwards, and within the proper time, appellee filed his objections to the report of the appraisers, and among said objections claimed that the damages assessed were not sufficient, and that he was damaged in the sum of $2,500. The venue in the case was changed to the Owen Circuit Court, and the cause was there tried by a jury, and a verdict rendered in favor of appellee for $1,850.

The only error assigned upon this appeal is the action of the court in overruling appellant's motion for a new trial. The action of the trial court relied upon for the reversal of the judgment is thus stated in appellant's brief: "The error of the court in permitting evidence to go to the jury of damages to lands of appellee not appropriated hereunder, but which were damaged by the wrongful acts of the construction contractors by blasting and throwing stones and rocks into the creek and into appellee's fields, adjoining the strip of right of way appropriated by appellant."

The testimony introduced over appellant's objections in respect to the issue of damages is as follows: "At the northeast portion of the cut, there at the creek, you may state what the condition of the ground lying away from the right of way of the road was there with reference to there being debris or stone put on it by the railroad company in the construction of the road? A. Rocks principally, were thrown over the bank into the creek. Q. Go ahead and describe fully. A. It would have a tendency to force water to the opposite bank and wash out the other side. Q. You may state whether or not there was any of this rock, dirt, and debris on the land southeast of the creek, and immediately opposite the right of way? A. There was some. Q. To what extent? A. I do not recollect just how much it covered, but there was quite a little space

there.   Q.   You may state now, if you know, where this stone came from.   A.   It came out of this cut.   Q.   In the construction of the road ?   A.   In the construction of the road.   Q.   This land that you are speaking of as being covered with stone is outside of the sixty foot right of way on Mr. Strain's land, is it not ?   [Question by Judge Field, for appellant].   A.   Part of it, yes.   Q.   Then that you are describing as being covered with stone is outside of the right of way ?   A.   That is my understanding."

It is claimed by counsel for appellant, and the authorities support the claim, that it is only such damages as are incident to the authorized construction of the road in a careful and lawful manner that can be taken into consideration in determining the amount of compensation to be awarded under condemnation proceedings.   The presumption is that a road will be constructed in a proper manner. *Chicago, etc., R. Co.* v. *Hunter,* 128 Ind. 213.   The presumption is that the facts testified to were the result of proper construction of the road.

There is no evidence, at least we are referred to none, that the falling of rocks into the stream and on a portion of appellee's land outside the right of way in the construction of the road was an act of trespass, or not necessary to the proper construction and maintenance of the road.   A company may do what is necessary to be done in order to build the road, and if done properly must be considered as damages to be recovered.

The jury were instructed by the court "that all damages, present and prospective, that are material and reasonable incidents of the work to be constructed, not including such as may arise from negligence or unskillfulness, or from the wrongful act of those engaged in the work, must be assessed."

It is proper to say that the record does not show that the road was built by independent contractors or by any one other than the railroad company.   However, eliminating

from the record the testimony of the witness objected to, and his opinion as to the value of the land before and after the construction of the road, there remains ample evidence to sustain the amount of damages awarded.

Counsel for appellee argue at length that the evidence is not in the record, and that the question attempted to be presented can not be considered. For the consideration of the case, we have treated it as properly before us, and upon an examination of the whole record find no error for which the judgment should be reversed.

Judgment affirmed.