## Muncie Natural Gas Company *v.* Allison·et al.

[No. 4,370.    Filed April 23, 1903.]

EMINENT DOMAIN.—*Condemnation of Easement for Pipe-Lines for Natural Gas.*—*Measure of Damages.*—*Instruction.*—An instruction in a proceeding to condemn an easement for the purpose of laying pipe-lines for natural gas, that in estimating the damages the jury should not consider any injuries which might result to plaintiffs from any negligence or unskilfulness of defendant in the operation and maintenance of its pipe-lines over the strip of land sought to be appropriated, since the plaintiffs would have the same right to sue for and recover damages for such negligence or unskilfulness as would any other person injured thereby, states the law correctly. *p. 52.*

SAME.—*Condemnation of Easement for Pipe-Lines.*—*Measure of Damages.*—An instruction that the assessment of damages for property con-

demned for a pipe-line must relate "to the time of the condemnation" is equivalent to an instruction that the assessment of damages must relate to the time of the filing of the instrument of appropriation. *pp. 52, 53.*

TRIAL.—*Refusal of Correct Instructions.*—No error was committed in refusing instructions where instructions given by the court contained a full and complete statement of the law applicable to the issues and covered every point mentioned in the refused instructions. *p. 52.*

From Delaware Circuit Court; *J. G. Leffler,* Judge.

Proceeding by the Muncie Natural Gas Company against William L. Allison and wife to condemn an easement for natural gas pipe-lines. From a judgment of the circuit court awarding defendants damages, plaintiff appeals. *Affirmed.*

*Rollin Warner* and *A. W. Brady,* for appellant.
*W. W. Orr* and *F. H. Stradling,* for appellees.

HENLEY, J.—This action was commenced by the appellant against the appellees to condemn an easement for the purpose of laying its pipe-lines, in prosecuting its business of supplying natural gas to its patrons in this State. The action is based on §§5103-5108 Burns 1901, Acts 1889, p. 22. William L. Allison is the owner in fee of the land over which the easement is sought. The easement sought to be condemned is along and within the bounds of the public highway. Appraisers were duly appointed, and filed their award, to which appellees filed exceptions. The cause was submitted to a jury for trial in the circuit court, and verdict returned against appellant for $125. Appellant moved for a new trial, which motion was overruled, and judgment rendered upon the verdict in favor of the appellees.

The only questions discussed by counsel for appellant relate to the action of the trial court in overruling appellant's motion for a new trial.

Counsel for appellant confine their argument to the questions arising upon the refusal of the trial court to give to

the jury instructions numbered one and two. These instructions were as follows: "(1) The measure of the damages which the plaintiffs, William L. Allison and Josie M. Allison, are entitled to recover in this cause is the actual damage occasioned by the appropriation of the easement described in the instrument of appropriation over the strip of land ten feet wide, an easement over which has been appropriated by this proceeding, taking such damages as of the date of the 15th day of October, 1901, the day when the instrument of appropriation was filed herein, and considering such strip of land as subject to the public easement of the highway thereover known as the Wheeling pike, together with just and fair compensation for any injury to the residue of the plaintiff's land from which such strip was taken, naturally resulting from the appropriation of the easement described in the instrument of appropriation. (2) In estimating the damages which you will award in favor of the plaintiff, you have no right to consider any injuries which might result to plaintiff from any negligence or unskilfulness of the defendant in the operation and maintenance of its pipe-lines over the strip of land sought to be appropriated therein, since the plaintiff would have the same right to sue for and recover damages for such negligence or unskilfulness as would any other person injured thereby." These instructions correctly state the law, and were applicable to the evidence. *Lafayette, etc., R. Co.* v. *Murdock,* 68 Ind. 137; *Logansport, etc., R. Co.* v. *Buchanan,* 52 Ind. 163; *Chicago, etc., R. Co.* v. *Hunter,* 128 Ind. 213; *Manufacturers Nat. Gas Co.* v. *Leslie,* 22 Ind. App. 677; Lewis, Eminent Domain (2d ed.), §482.

But the instructions given by the court to the jury were a full and complete statement of the law applicable to the issues and evidence in this case, and covered every point mentioned in the refused instructions. The jury was instructed that the assessment of damages must relate "to the time of the condemnation," and this is equivalent to

saying that the assessment of damages must relate to the time of the filing of the instrument of appropriation. The jury were, in effect, repeatedly instructed that no damages could be considered, growing out of the negligence or unskilfulness of appellant in the operation and maintenance of its pipe-line over the strip of land sought to be appropriated, and were further instructed that in deliberating on the verdict they must presume that the appellant would construct, operate, and maintain its pipe-line in conformity to law. The instructions asked by appellant were properly refused.

Counsel do not argue the other questions raised in the statement of points and authorities.

We are convinced that there was no error in the admission or refusal of evidence, and that the trial court properly overruled the motion for a new trial. Judgment affirmed.