## In re Garterman et al.

[No. 14,046.   Filed March 28, 1935.]

*Marshal R. Alexander,* for petitioners.

*Wycoff & Wycoff,* amicus curiae.

DUDINE, P. J.—Appellants George J. Garterman and Marie C. Garterman, husband and wife, filed a joint petition for the adoption of Ervin Henry Garterman,

their deceased son's infant child. A hearing having been had, the court found against appellants and denied their petition. Thereupon appellants filed a motion for new trial which was overruled, and this appeal was perfected.

The assignment of errors contains fourteen alleged errors. Each of assigned errors numbered one to twelve are based on the court's rulings on admission or rejection of evidence. Such rulings are not proper bases for independent assignments of error, but are reviewable by this court only when set up in the motion for new trial, as causes therefor. *Barker, Gdn.* v. *Central, etc., Assn.* (1932), 94 Ind. App. 661, 182 N. E. 90.

Assigned error number fourteen is as follows: "The court below erred in its findings on all of the evidence given in said cause." That assignment presents no question. (See sec. 610, Burns 1926, §2-2401, Burns 1933, §368, Baldwin's 1934.)

The only error properly assigned is assigned error number thirteen, which alleges that the court erred in overruling appellant's motion for new trial.

The causes for new trial alleged in the motion therefor are, first, the "finding" is not sustained by sufficient evidence, second, the "finding" is contrary to law.

Appellants' brief does not contain a "Points and Authorities" section. Under the heading "Errors Assigned and Relied Upon for Reversal," appellants' brief sets forth several "points" in support of the contention that the "ruling" of the court was not sustained by sufficient evidence, but each of said "points" is merely an abstract statement of law followed by citations of authorities. No application whatever is made of said statements of law to the instant case. Therefore we hold that the question of the

sufficiency of the evidence to sustain the decision is not presented. *Crawfordsville Trust Co.* v. *Burke* (1931), 92 Ind. App. 558, 157 N. E. 6, 158 N. E. 493.

The second cause for new trial, that the decision is contrary to law, is not discussed in appellants' brief, and is therefore deemed waived.

Although it was not necessary, for the determination of this appeal, that we review the evidence, we have done so, and it is our opinion that the evidence is amply sufficient to sustain the decision of the court, and that the decision is not contrary to law.

Judgment affirmed.