## HARTSFIELD *v*. STATE OF INDIANA

[No. 28,593. Filed October 11, 1950. Rehearing denied November 13, 1950.]

*Frederick R. Tourkow*, of Fort Wayne, for appellant.

*J. Emmett McManamon*, Attorney General, *Clyde H. Jones*, Deputy Attorney General, for appellee.

GILKISON, J.—Appellant, with one Archie William Brown, was charged by affidavit filed in the Allen Cir-

cuit Court on April 13, 1948, with the robbery of Alphaus M. Taylor of $2,400 and a diamond ring, by force and violence; and with the infliction of a physical injury upon him with a firearm while engaged in the robbery, on or about June 30, 1944.

On September 13, 1948, George Glass, attorney, appeared for the defendant. On that date defendant was arraigned and entered his plea of, not guilty. On January 17, 1949, the cause was set for trial for March 1, 1949. On February 17, 1949, Fred Tourkow, attorney, appeared for defendant, and filed an affidavit for change of judge and notice of intention to offer a defense of alibi. On February 21, 1949, a special judge was appointed and duly qualified, and on February 23, 1949, he assumed jurisdiction in the case. On that date appellant filed his motion for a continuance of the case, which omitting caption, signature and verification, is as follows:

"The defendant, Isiah Hartsfield, being duly sworn, upon his oath says that the deponent can not safely enter upon the trial of the said cause at the time set therefor, to-wit: March 1, 1949, because:

"1. The defendant's attorney previously retained George Glass has withdrawn as plaintiff's attorney after February 17, 1949, and that on said date this defendant retained as his attorney, Fred R. Tourkow; that the said Fred R. Tourkow must contact numerous witnesses in Ft. Wayne, Kansas City, Kansas, Kansas City, Missouri, and Santa Ana and Los Angeles, California; that his attorney does not have sufficient time before trial to properly prepare defendant's case; that as an outcome of his attorney's contacts with prospective witnesses in the aforementioned cities and states it will be necessary to take the depositions of those witnesses that cannot be brought to this city for the trial of this cause; that these witnesses may and will prove that defendant was in Kansas City, Missouri, on the date that the crime alleged in the affidavit in this cause was committed; that the defendant's said at-

torney does not have sufficient time before the date set for trial of this cause to investigate these witnesses and take their depositions where necessary.

"Defendant would further show that his said attorney can make these necessary preparations for the trial of this cause that are vital to defendant's case if given a reasonable time so to do.

"Defendant would also further show that he has no other witnesses except these that his said attorney is contacting to prove the place where he was at the time the alleged offense was committed.

"2. The defendant's previous attorney made no effort to prepare defendant's case and had contacted none of these prospective witnesses."

On the same date this motion was overruled.

On March 1, 1949 trial of the case by jury was begun. On March 2, 1949, a verdict was rendered finding defendant guilty as charged. On March 7, 1949, judgment was rendered on the verdict from which this appeal is taken. On March 31, 1949 a motion for new trial was filed, assigning reasons as follows: (1) That the verdict is not sustained by sufficient evidence. (2) The verdict is contrary to law. (3) That the court abused its discretion in overruling defendant's motion for continuance to enable him to procure witnesses to establish an alibi.

Additional time to file record was granted by this court, and Record and Assignment of Errors were filed December 7, 1949.

Appellant assigns errors as follows:

1. In refusing to give the jury instruction No. 7 requested by appellant. 2. Overruling the motion for new trial. 3. Refusing to give the jury instruction No. 8 requested by appellant. 4 and 5. Overruling the motion for continuance.

The first and third assignments of error cannot be considered for the reason that alleged error in the giv-

ing or refusal to give a tendered instruction cannot be raised by an independent assignment of error. It must be presented by the motion for new trial. *Wagner* v. *The State* (1878), 63 Ind. 250, 252; *Cromer* v. *State* (1898), 21 Ind. App. 502, 503, 53 N. E. 239; *The Western Union Telegraph Company* v. *Kilpatrick* (1884), 97 Ind. 42, 44; *Raper* v. *American Tin-Plate Company* (1901), 156 Ind. 323, 324, 59 N. E. 937; *Breckenridge et al.* v. *McAfee* (1876), 54 Ind. 141, 143; *Higham et al.* v. *Warner et al.* (1880), 69 Ind. 549, 551; *City of Martinsville* v. *Winscott* (1940), 107 Ind. App. 475, 476, 25 N. E. 283; IV Watson's Rev., *Works' Practice,* cl. 10, p. 1716; 2 Gavit, *Pleading and Practice,* § 400, p. 2278; *Ewbank's Indiana Criminal Law* (2d Ed.), § 790, pp. 589, 590.

Appellant has waived any question concerning reasons 1 and 2 in his motion for new trial (that the verdict is not supported by sufficient evidence; and is contrary to law) by his failure to discuss the same in his brief. *The Ohio and Mississippi Railway Company* v. *Nickless* (1881), 73 Ind. 382, 385; *The Chicago and Indiana Coal Railway Company* v. *Hunter et al.* (1891), 128 Ind. 213, 221, 27 N. E. 477; *Citizens St. R. Co.* v. *Stodkdell* (1902), 159 Ind. 25, 33, 34, 62 N. E. 21; *In Re Garterman* (1935), 100 Ind. App. 180, 182, 194 N. E. 774.

This leaves for our consideration the single question: Did the trial court abuse its discretion in overruling the motion for a continuance? The record shows that attorney, George Glass, appeared for defendant on September 14, 1948 and continued to represent him until February 19, 1949, when he withdrew his appearance, attorney Fred Tourkow having entered his appearance for defendant on February 17, 1949. The affidavit for continuance was filed February 23, 1949, five months and ten days after appellant had been represented by an

attorney in the cause in the trial court, thirty-seven days after the case had been set for trial and six days before the date set for the trial.

Of course, under our constitution a defendant has a right to have counsel when charged with crime. Art. 1, § 13, Indiana Constitution. This right is also a part of "due process of law" as provided for in § 1, 14th Amendment of the United States Constitution. *Bradley, Taylor* v. *State* (1949), 227 Ind. 131, 84 N. E. 2d 580, 581.

We recognize that the right to counsel carries with it as a necessary corollary, that counsel shall have adequate time to prepare the defense. *Bradley, Taylor* v. *State, supra; Hoy* v. *State* (1947), 225 Ind. 428, 75 N. E. 2d 915; *Todd* v. *State* (1948), 226 Ind. 496, 509, 81 N. E. 2d 784, and cases there cited.

To support his contention that he did not have sufficient time to prepare for his defense, appellant relies on:

*Powell* v. *Alabama* (1932), 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527. In that case defendants' pauper counsel were rather indefinitely assigned to the case about six days before the trial, the Supreme Court of the United States said this time was insufficient.

*Bradley, Taylor* v. *State, supra,* in which this court decided that, under the circumstances prevailing 65½ hours was insufficient time for pauper counsel to prepare the defense.

*Todd* v. *State, supra,* in which a defendant was compelled to go to trial without counsel and *Hoy* v. *State* (1947), 225 Ind. 428, 75 N. E. 2d 915, where pauper counsel was allowed one hour to prepare for the defense.

There is a vast difference between the time granted defendants' pauper attorneys to prepare for trial in

each of the aforenoted cases—in none exceeding more than six days—and the time granted appellant's employed attorneys in this case—some five months and sixteen days. It is true appellant employed a new attorney twelve days before the date fixed for the trial. No reason is shown in the motion for continuance or elsewhere in the record why this was done. Whether a continuance should have been granted for this reason was a matter for the sound discretion of the trial court who doubtless knew all the facts connected therewith. We cannot presume that he abused this discretion. If we indulge any presumptions it must be in favor of his actions.

It seems that the idea of a defense of alibi came into the case with the attorney last employed by appellant. In the motion for continuance appellant says his new attorney will have to "contact numerous witnesses in Ft. Wayne, Kansas City, Kansas, Kansas City, Missouri, Santa Ana and Los Angeles, California"; he does not state the names of those witnesses, nor what he believes they will swear, nor that he believes they will swear the truth. The prosecuting attorney had no opportunity to admit that if the witnesses were present they would testify to the facts which defendant in his affidavit should have stated he can prove by the absent witnesses. He does not show that he has used diligence to procure the evidence suggested. In fact defendant made no effort to bring his affidavit for continuance under the Indiana statute authorizing continuances, Section 9-1401, Burns' 1942 Replacement; *Warner* v. *State* (1887), 114 Ind. 137, 138, 16 N. E. 189; *Smith* v. *State* (1892), 132 Ind. 145, 31 N. E. 807; *Weaver* v. *State* (1899), 154 Ind. 1, 3, 55 N. E. 858, and he was therefore not in a position that he could demand a continuance as a matter of right. *Connors* v. *State* (1915), 183 Ind. 618, 622, 109 N. E.

757; *Torphy* v. *State* (1919), 188 Ind. 30, 35, 121 N. E. 659.

We find no abuse of discretion by the trial court in overruling the motion.

The judgment of the Allen Circuit Court is affirmed.

Note.—Reported in 94 N. E. 2d 453.