JAMES MICHAEL GLENN *v.* STATE OF INDIANA.

[No. 2-672A13. Filed December 14, 1972. Rehearing denied February 9, 1973. Transfer denied May 30, 1973.]

476

F. *Pen Cosby*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Assistant Attorney General, for appellee.

STATEMENT ON THE APPEAL

STATON, J.—James Michael Glenn was charged by affidavit with possession of heroin on June 14, 1971.[1] He waived arraignment and pleaded not guilty. A motion for change of venue from the county was denied. On January 4, 1972, a jury found James Michael Glenn guilty, and he was sentenced to the Indiana Department of Correction for a term of not less than five nor more than twenty years. His motion to correct error raises four issues:

"A. THE VERDICT IS CONTRARY TO LAW IN THAT IT IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

"B. THE COURT ERRED IN FAILING TO SUSTAIN THE DEFENDANT'S MOTION FOR CHANGE OF VENUE FROM THE COUNTY.

"C. THE COURT ERRED IN EXCUSING A PROSPECTIVE JUROR OVER DEFENDANT'S OBJECTION.

1. IC 1971, 35-24-1-2; Ind. Ann. Stat. § 10-3520 (Burns 1972 Supp.).

"D. THE COURT ERRED IN FAILING TO GRANT DE-
FENDANT'S ORAL MOTION FOR AN EARLY
TRIAL."

We find no errors and affirm the trial court's judgment in
our opinion which follows:

STATEMENT OF THE FACTS: On February 2, 1971,
Police Officers Donald Goeden, Carl Robertson and Elmer
Comb observed James Glenn leave a house at 2233 North
Alabama Street and cross the street. The Officers had the
house under surveillance for drug activity. They had re-
ceived complaints concerning drug traffic at this address
and information that Glenn would be at that address with
drugs in his possession. Glenn turned the corner, looked
back and saw the Officers. Then, he took two yellow envelopes
from his pocket and dropped them on the ground. Officers
Goeden and Combs stopped Glenn, and Officer Robertson re-
trieved the envelopes and performed the Marquis Reagent
Test on the contents of one of the envelopes. This field test
indicated that the substance in the envelopes contained a
derivative of opium. Later tests performed at the Police
Crime Laboratory showed that the substance in the envelopes
contained heroin.

Glenn was placed under arrest but not taken to Police
Headquarters because he agreed to provide the police with
information concerning the drug traffic in Indianapolis. He
agreed to contact Goeden the next day. When he failed to
do so, Officer Goeden filed a warrant against him. Glenn
was finally located on May 27, 1971 and taken into custody.

## STATEMENT ON THE LAW

ISSUE ONE: Glenn contends that the evidence was not
sufficient to convict him of possession of heroin. On appeal,
this court will consider only that evidence most
favorable to the State, together with all reasonable
inferences which may be drawn therefrom. The

conviction will be affirmed if there is substantial evidence of probative value from which the trier of fact could reasonably infer that Glenn was guilty beyond a reasonable doubt. *Fuller* v. *State* (1971), 256 Ind. 681, 271 N.E.2d 720; *Pfeifer* v. *State* (1972), 152 Ind. App. 315, 283 N.E.2d 567. The facts most favorable to the State show that the police officers had received information that there was a large amount of drug traffic being conducted at 2233 North Alabama, Indianapolis, Indiana. They were further informed that James Glenn would be present at the North Alabama address with a large quantity of heroin on February 2, 1971.

Acting upon this information, the officers placed the residence under surveillance. At approximately 11:00 o'clock A.M., they observed James Glenn come out of the home on 2233 North Alabama. As he proceeded up Alabama Street, the officers followed in their unmarked police car. As defendant was walking up Alabama, he turned and saw the car. He testified that he knew the officers before they arrested him. After spotting the car, Glenn took two envelopes out of his pocket and threw them in the grass. Officer Robertson retrieved the packet while the other two officers detained Glenn. Officer Robertson then performed the Marquis Reagent Test and it showed positive. Glenn was then placed under arrest for possession of heroin.

When Glenn threw away the packets before the police officers even approached him, he abandoned the property. *Hardin* v. *State* (1970), 254 Ind. 56, 257 N.E.2d 671; *United States* v. *Martin* (3rd Cir. 1967), 386 F.2d 213.

". . . Defendant's voluntary act of throwing the packets . . . [into the grass] must be deemed an abandonment of his interest therein. Vincent v. United States, 337 F.2d 891, 896-897 (8th Cir., 1964), and therefore subject to the Government's appropriation. Abel v. United States, 362 U.S. 217, 241, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960). Once the packets were identified, the officers were warranted in believing that a felony was being committed." *United States* v. *Martin, supra,* 386 F.2d at 215.

This evidence is also sufficient to show defendant had possession and control over the heroin contained in the envelopes. *Patterson* v. *State* (1970), 255 Ind. 22, 262 N.E.2d 520.

James Glenn's remaining arguments on this issue pertain only to the weight and credibility of the evidence presented against him. This court will not weigh the evidence or determine the credibility of witnesses. *Sanchez* v. *State* (1971), 256 Ind. 140, 267 N.E.2d 374.

The evidence was sufficient beyond a reasonable doubt to support the conviction. We find no error as to Issue One.

ISSUE TWO: As to *Issue Two*, James Glenn contends that the trial court erred in failing to sustain his motion for change of venue from the county. Glenn's written request for change of venue from the county was filed on October 12, 1971 and reads as follows:

"Comes now the defendant by counsel and having orally moved at arraignment for a change of venue from Marion County, Indiana, hereby formally moves as follows:

"1. That he be granted a change of venue from Marion County, Indiana, for the reason that he has been previously convicted in Marion County Criminal Court and is presently on parole.

"2. That he believes that he cannot receive a fair and impartial trial in Marion County, Indiana, for the aforesaid reasons.

"3. That he requests that this cause be venue to one of the following counties and in order of preference listed as follows: Johnson, Shelby, Boone, Hancock, Morgan, Hendricks or Hamilton.

"WHEREFORE, defendant respectfully moves that he be granted a change of venue from Marion County, Indiana, and for all other relief just and proper in the premises."

In *State ex rel. Allison* v. *Criminal Court of Marion County* (1958), 238 Ind. 190, 149 N.E.2d 114, our Supreme Court stated that:

"The law is settled in this state that the granting of changes of venue from the county is discretionary with

the court in criminal cases, except in cases when the punishment is death." *State ex rel. Allison* v. *Criminal Court of Marion County, supra*, 238 Ind. at 192.

See also *Johnson* v. *State* (1972), 152 Ind. App. 104, 281 N.E.2d 922.

A hearing was held on Glenn's motion October 22, 1971. After argument was heard by the court, the motion was denied.

The substance of the motion alleges that Glenn cannot receive a fair and impartial trial because he was previously convicted in Marion County Criminal Court. However, there are no supporting affidavits as to why this previous conviction will preclude a fair trial in Marion County. Glenn has failed to include a transcription of the hearing upon the motion.[2] Therefore, we are unable to discern what evidence was presented to the trial court and must presume no abuse of discretion. In *Hartsfield* v. *State* (1950), 228 Ind. 616, 622, 94 N.E.2d 453 our Supreme Court stated that:

". . . We cannot presume that he [trial judge] abused this discretion. If we indulge any presumption it must be in favor of his actions."

We have also read the entire record in this case and we find no indication that James Glenn did not receive a fair and impartial trial. No abuse of discretion is shown. *Johnson* v. *State, supra*.

ISSUE THREE: James Glenn's third contention of error is that the trial court erred in excusing a prospective juror over defendant's objection. James Glenn is under a duty to show on appeal that the error he complains of prejudiced his cause. *Turner* v. *State* (1972), 259 Ind. 344, 287 N.E.2d 339.

---

2. It is the affirmative duty of counsel to provide a proper record on appeal. *Marcum* v. *State* (1958), 239 Ind. 179, 154 N.E.2d 376.

His contention of error is that one black juror was excused on the court's own motion. The juror had asked to be excused because he had back trouble and could sit only an hour before experiencing pain. The excusing of a juror on the court's motion rests in its sound discretion, and no error is committed where no injury results from the court's action. *Pittsburg, Cincinnati, Chicago & St. Louis R. R. Co.* v. *Montgomery* (1898), 152 Ind. 1, 24, 49 N.E. 582.

The only injury complained of is that this exclusion resulted in the defendant, who is black, being tried by an all white jury. This allegation alone is not sufficient to require reversal. *Davis* v. *State* (1972), 252 Ind. App. 47, 281 N.E.2d 833.

James Glenn is required to show purposeful discrimination which may not be assumed or merely asserted. *Davis* v. *State, supra.*

We find no error in *Issue Three.*

ISSUE FOUR: James Glenn asserts that he made an oral request for a speedy trial on October 22, 1971 and that he was not tried within 55 judicial days from this request. Therefore, he must be discharged under CR. 4(B).

There is nothing in the record before us which shows that Glenn made such a request. Glenn concedes on page 12 of his brief that no such request appears in the record but contends that the Edison Voicewriter transcription equipment must not have picked up the request. He further contends that we must presume the request was made and set him free.

It has long been the rule that it is the affirmative duty of the appellant to make a proper record and to bring a proper record before this court. *Marcum* v. *State* (1958), 239 Ind. 179, 154 N.E.2d 376. On review, we cannot consider any matter not contained in the record. *Hansbrough* v. *State* (1950), 228 Ind. 688, 94 N.E.2d 534. See also 10A Ind. Digest § 1128, p. 310. If Glenn felt that

the record did not adequately disclose what transpired at the hearing on October 22, 1971, he had an adequate remedy in AP. 7.2(A) (3) (c) which states:

> "*Statement of the Evidence or Proceedings when no Report was made or when the Transcript is Unavailable.* If no report of all or part of the evidence or proceedings at the hearing or trial was or is being made, or if a transcript is unavailable, a party may prepare a statement of the evidence or proceedings from the best available means, including his recollection. If submitted contemporaneously with the matter complained of, the statement may be settled and approved by the trial court. If submitted thereafter, the statement shall be served on other parties who may serve objections or prepare amendments thereto within ten (10) days after service. The statement and any objections or prepared amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall become a part of the record and be included by the clerk of the trial court in the record.
>
> "If statements or conduct of the trial judge are in controversy, the statement shall be supported by sworn affidavit which shall be submitted to the trial judge for his certification. It he refuses to certify the statement he shall file opposing affidavits. All such affidavits shall be included in the record by the clerk of the trial court."

The only request for a speedy trial that does appear in the record is a letter dated December 8, 1971. Since the trial commenced within 50 days of this date, the trial court did not commit error by refusing to discharge the defendant.

The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported at 290 N.E.2d 103.