James WILSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0407–CR–601.

Court of Appeals of Indiana.

April 7, 2005.

Bruce E. Andis, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

James Wilson appeals his conviction of possession of cocaine as a Class A misdemeanor.[1] Wilson argues on appeal the police illegally stopped and searched him, but we address instead the dispositive issue of whether Wilson abandoned the cocaine prior to its seizure by police officers.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Around 4:00 p.m. on June 29, 2003, Indianapolis Police Department officers Frank Wooten and Steven Hayth were patrolling in the vicinity of 4200 East Michigan Street. Officer Wooten saw Wilson, who was on a bicycle, leaning inside a red vehicle.[2] The vehicle was stopped on Gladstone Ave. The officers knew the corner of Gladstone and Michigan was a high drug trafficking area.

Officer Hayth suspected Wilson was trying to sell drugs, so he and Officer Wooten circled around to speak with Wilson. As the officers approached the intersection from behind, the driver of the vehicle drove away. After seeing the officers approaching, Wilson also left the intersection. The officers exited their vehicle and asked Wilson to stop. Wilson continued to ride away and dropped a black bag under a parked car. The officers again ordered Wilson to stop. When he refused, the officers removed him from the bicycle and placed him in handcuffs. Officer Wooten recovered the black cloth bag, which contained cocaine.

Wilson was charged with possession of cocaine as a Class D felony. On October 1, 2003, the trial court denied Wilson's motion to suppress the cocaine Officer Wooten found in the black bag. After a bench trial, Wilson was found guilty. The trial judge reduced the possession of cocaine charge from a Class D felony to a Class A misdemeanor. Wilson was sentenced to 365 days in jail with 361 days suspended.

## DISCUSSION AND DECISION

Wilson contends the trial court erroneously denied his motion to suppress because the cocaine was found pursuant to an investigatory stop "without a warrant, reasonable suspicion, or any other of the limited exceptions to the warrant requirement for a search and seizure" in violation of the Fourth Amendment to the United States Constitution. (Appellant's Br. at 4.) Specifically, Wilson argues the officers had "neither particularized nor articulable facts that would lead a reasonable person to believe criminal activity had or was about to occur." (Id. at 5.) However, we need not address that issue, as Wilson abandoned the cocaine he sought to suppress.[3]

---

1. Ind.Code § 35–48–4–6.

2. Officer Wooten testified the vehicle was a red Suburban or Blazer. Officer Hayth testified the vehicle was a red Grand Cherokee.

3. Because we find Wilson abandoned the property prior to his seizure, we need not address whether the police officers' stop of Wilson exceeded the scope of a valid investi-

■ Our standard of review for the denial of a motion to suppress evidence is similar to other sufficiency issues. *Ammons v. State,* 770 N.E.2d 927, 930 (Ind.Ct. App.2002), *trans. denied* 783 N.E.2d 704 (Ind.2002). We determine whether substantial evidence of probative value exists to support the trial court's denial of the motion. *Id.* We do not reweigh the evidence, and we consider conflicting evidence in the light most favorable to the trial court's ruling. *Id.* However, during our review we must also consider uncontested evidence that is favorable to the defendant. *Id.*

■ Wilson maintains he did not abandon the black cloth bag because "Officer Wooten did not seek, and Wilson did not give, permission to open and inspect the bag." (Appellant's Br. at 10.) He also asserts "even if [he] abandoned the bag, the search of the bag is still illegal because the abandonment was precipitated by the illegal stop effectuated by Officers Wooten and Hayth." (*Id.*)

At the suppression hearing, Officers Hayth and Wooten testified they exited their vehicle and asked Wilson if they could speak with him. Wilson, while still on his bicycle, looked at them and kept riding away. Wilson then dropped a black cloth bag underneath a parked car. Therefore, the State argues, Wilson had abandoned the property prior to its seizure by the officers. We agree.

■ Abandoned property is not subject to Fourth Amendment protection. *Miller v. State,* 498 N.E.2d 53, 55 (Ind.Ct. App.1986), *reh'g denied, trans. denied.* However, if property is abandoned after a citizen is improperly detained, the evidence is not admissible. *See State v.*

*Pease,* 531 N.E.2d 1207, 1211–12 (Ind.Ct. App.1988) (because improper frisk forced defendant to abandon drugs, evidence was inadmissible).

In *Glenn v. State,* 154 Ind.App. 474, 290 N.E.2d 103 (1973), Glenn threw away two envelopes *before* the police officers approached him, and we held he had abandoned the property. *Id.* at 478, 290 N.E.2d at 105. Specifically, we held:

... Defendant's voluntary act of throwing the packets ... (into the grass) must be deemed an abandonment of his interest therein and therefore subject to the Government's appropriation. Once the packets were identified, the officers were warranted in believing that a felony was being committed.

*Id.,* 290 N.E.2d at 106.

In *California v. Hodari D.,* 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), the Supreme Court had to determine whether abandoned evidence was the fruit of a seizure in violation of the Fourth Amendment. Hodari dropped crack cocaine as he fled a police officer. The officer did not have reasonable suspicion to justify stopping Hodari, so the only issue before the Court was whether, at the time Hodari dropped the cocaine, he had been "seized" within the meaning of the Fourth Amendment. *Id.* at 623, 111 S.Ct. 1547.

■ The Court reaffirmed that for an arrest "the quintessential 'seizure of the person' under our Fourth Amendment jurisprudence-the mere grasping or application of physical force with lawful authority, whether or not it succeed[s] in subduing the arrestee" is sufficient. *Id.* at 624, 111 S.Ct. 1547. "An arrest requires either physical force ... or, where that is absent, submission to the assertion of authority."

gatory stop. *See California v. Hodari D.,* 499 U.S. 621, 623, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991) (police had no reasonable suspi-

cion to stop Hodari, but the evidence was nevertheless admissible because it was abandoned by Hodari prior to his seizure).

*Id.* at 626, 111 S.Ct. 1547. However, the Court recognized that if the arrestee escapes, the fact the arrest is effected does not mean "that for Fourth Amendment purposes there is a continuing arrest during the period of fugitivity." *Id.* at 625, 111 S.Ct. 1547. Thus the Court held a seizure does not occur if the subject does not yield to a show of authority or an application of physical force. *Id.* at 626, 111 S.Ct. 1547.

Hodari fled when a police officer approached, the officer pursued him, and Hodari dropped the cocaine when the officer was almost upon him. The officer tackled Hodari and handcuffed him. The Court held a Fourth Amendment violation did not occur because, "assuming the [officer's] pursuit . . . constituted 'a show of authority' enjoining Hodari to halt, since Hodari did not comply . . . he was not seized until he was tackled. The cocaine abandoned while he was running was . . . not the fruit of a seizure." *Id.*

Wilson dropped the bag underneath the parked car while riding his bicycle away from the officers. He had not complied with their request that he stop. Only after Wilson dropped the bag and declined to comply with their request did the officers use force to remove Wilson from the bicycle and handcuff him. When Wilson threw the black cloth bag to the ground, the items were subject to lawful seizure by the police. Wilson had not been "seized" at the time he dropped the black cloth bag; therefore, the bag containing cocaine was not the product of a seizure and was properly admitted into evidence over Wilson's Fourth Amendment objection. *See id.* at 629, 111 S.Ct. 1547.

Affirmed.

DARDEN, J., and BARNES, J., concur.