William GOOCH, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0501–CR–86.

Court of Appeals of Indiana.

Sept. 29, 2005.

Transfer Denied Dec. 1, 2005.

Joel M. Schumm, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant William Gooch brings this interlocutory appeal challenging the trial court's denial of his motion to suppress. Specifically, Gooch maintains that his motion should have been granted because the police officers failed to identify any particularized suspicion of criminal activity as a basis for stopping him. Thus,

Gooch contends that the cocaine seized at the scene should be suppressed. Concluding that Gooch had abandoned the cocaine before the officers had seized him, we affirm the judgment of the trial court.

## FACTS

On March 1, 2003, at approximately 1:30 a.m., Indianapolis Police Officer Tracy Lomax was in uniform and driving his marked police car when he observed Gooch and Deborah Smith walking away from the porch of an abandoned house with boarded windows. There were many vacant homes in the neighborhood, and Officer Lomax knew that this was a "drug area." Tr. p. 6–7. And Officer Lomax had received numerous complaints about drug dealing and prostitution in the area. Officer Lomax watched as Smith and Gooch walked away from the house and each other. Desiring to stop Smith and Gooch to investigate their connection to the abandoned house, Officer Lomax first ordered Smith to stop. Gooch ignored Officer Lomax's command to stop, and he continued walking until he crouched behind a vehicle that was parked in the street. Officer Lomax became concerned for his safety, so he ordered Gooch to stand and raise his hands. Immediately thereafter, Gooch made a gesture with his hand "as if he was throwing something." Tr. p. 15. Officer Lomax then apprehended Gooch and handcuffed him. He noticed two bags on the ground near the vehicle that were found to contain marijuana and cocaine.

As a result of this incident, Gooch was charged with one count of cocaine possession. Gooch then filed a motion to suppress, arguing that Officer Lomax had improperly stopped him. Gooch asserted that the subsequent search "exceeded the lawful and permissible bounds of a *Terry*[1] search," and that all the evidence recovered from the search had to be suppressed. Appellant's App. p. 24. Following a hearing, the trial court denied the motion to suppress, and Gooch now brings this interlocutory appeal.

## DISCUSSION AND DECISION

### I. Standard of Review

Our standard of review for the denial of a motion to suppress evidence is similar to other sufficiency issues. *Ammons v. State*, 770 N.E.2d 927, 930 (Ind.Ct. App.2002), *trans. denied.* We determine whether substantial evidence of probative value exists to support the trial court's denial of the motion. *Id.* We will not reweigh the evidence, and we consider only the evidence most favorable to the trial court's ruling along with any uncontroverted evidence to the contrary. *Smith v. State*, 780 N.E.2d 1214, 1216 (Ind.Ct. App.2003), *trans. denied.*

### II. Gooch's Contentions

While Gooch maintains that the trial court erred in denying his motion to suppress because the cocaine was seized pursuant to an investigatory stop without a warrant or reasonable suspicion, we need not address this issue, inasmuch as the record shows that Gooch had abandoned the cocaine that he sought to suppress. *See California v. Hodari D.*, 499 U.S. 621, 623, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991) (determining that while the police officers lacked a reasonable suspicion to stop the defendant, the evidence was nevertheless admissible because the defendant had abandoned the drugs prior to his seizure).

A panel of this court recently determined that abandoned property is subject to lawful seizure without a warrant. *Wilson v. State*, 825 N.E.2d 49, 51 (Ind.Ct.App.2005). Hence, such property

---

1. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

is not subject to Fourth Amendment protection. *Miller v. State*, 498 N.E.2d 53, 55 (Ind.Ct.App.1986), *trans. denied.* By the same token, if property is abandoned after a citizen is improperly detained, the evidence is not admissible. *Wilson,* 825 N.E.2d at 51; *see also State v. Pease*, 531 N.E.2d 1207, 1211–12 (Ind.Ct.App.1988) (holding that because an improper frisk forced the defendant to abandon drugs, that evidence was inadmissible). And the seizure of an individual does not occur if the subject does not yield to a show of authority or an application of physical force. *Wilson,* 825 N.E.2d at 52 (citing *Hodari,* 499 U.S. at 626, 111 S.Ct. 1547).

In *Wilson*, two police officers were patrolling an Indianapolis neighborhood. One of the officers saw Wilson, who was on a bicycle, leaning inside a red vehicle. The vehicle was located in a high drug trafficking area. *Id.* at 50. Suspecting that Wilson was attempting to sell drugs, the officers circled around to speak with Wilson. As the officers approached the intersection from behind, the driver of the vehicle drove away. After seeing the officers approaching, Wilson also left the intersection. The officers exited their vehicle and ordered Wilson to stop. Wilson continued to ride away and dropped a black bag under a parked car. The officers again ordered Wilson to stop, and when he refused, the officers removed him from the bicycle and placed him in handcuffs. One of the officers recovered the bag, which contained cocaine. After being charged with possession of cocaine, Wilson moved to suppress the evidence, which the trial court subsequently denied. Wilson was then found guilty of the charged offense. *Id.*

On appeal, Wilson contended that his motion to suppress should have been granted because the cocaine was found pursuant to an improper investigatory stop. We held that Wilson had abandoned the cocaine prior to its seizure by the police officers. *Id.* at 51. In affirming Wilson's conviction, we observed that

> Wilson dropped the bag underneath the parked car while riding his bicycle away from the officers. He had not complied with their request that he stop. Only after Wilson dropped the bag and declined to comply with their request did the officers use force to remove Wilson from the bicycle and handcuff him. When Wilson threw the black cloth bag to the ground, the items were subject to lawful seizure by the police. Wilson had not been 'seized' at the time he dropped the cloth bag; therefore, the bag containing cocaine was not the product of a seizure and was properly admitted into evidence over Wilson's Fourth Amendment objection.

*Id.* at 52.

■ Here, the record shows that Gooch continued walking after Officer Lomax's initial command for him to stop. Tr. p. 13. Gooch then proceeded to crouch behind a parked vehicle, whereupon Officer Lomax ordered Gooch to stand and show his hands. Tr. p. 8, 14–15. Gooch did not immediately comply, and Officer Lomax saw Gooch toss something near or under the vehicle. Only then did Gooch stand and show his hands. Tr. p. 8, 15. Thereafter, Officer Lomax apprehended Gooch, handcuffed him, and spotted the bag of cocaine on the ground. Tr. p. 15.

Given these circumstances, it is apparent that even though Officer Lomax was attempting to restrain Gooch's activities, Gooch's freedom was not interrupted, inasmuch as he failed to initially obey Officer Lomax's instructions. Only after Gooch tossed the bag did Officer Lomax use force to restrain and handcuff Gooch. As a result, the bag was subject to a lawful seizure by the police when he tossed it to the ground. Moreover, Gooch had not

been "seized" at the time he tossed the bag of cocaine, so the drugs were not the product of an illegal seizure. Hence, the cocaine was properly admitted into evidence, and the trial court properly denied Gooch's motion to suppress.

The judgment of the trial court is affirmed.

RILEY, J., and FRIEDLANDER, J., concur.