**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 01 2013, 9:40 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD E. C. LEICHT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES DUNMORE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1209-CR-769 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable William C. Menges, Judge
Cause No. 34D01-1203-FD-193

**April 1, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant Charles Dunmore (Dunmore), appeals his conviction for Count I, Possession of Cocaine, a Class D felony, Ind. Code § 35-48-4-6, and Count II, Resisting Law Enforcement, a Class A misdemeanor, Ind. Code § 35-44.1-3-1.

We affirm.

## ISSUE

Dunmore raises one issue on appeal, which we restate as: Whether the trial court abused its discretion in admitting evidence.

## FACTS AND PROCEDURAL HISTORY

About midnight on March 4, 2012, Kokomo Police Department Officer Mark Miller (Officer Miller) was parked with his headlights off at the intersection of Indiana and Jefferson Streets watching a house that had been the subject of many complaints of illegal drug activity. As another police officer drove past, Officer Miller noticed Dunmore crouching down and jogging along behind the police car. Officer Miller turned on his headlights and drove through the intersection to see what Dunmore was doing. When Dunmore saw Officer Miller's police car, he took off running. Office Miller watched Dunmore run behind a dumpster. Officer Miller got out of his car, identified himself as a police officer, and ordered Dunmore to come out and show his hands.

Dunmore suddenly took off running again. Officer Miller shouted, "Police officer, stop!" but Dunmore did not respond to the officer's commands. (Transcript p. 173), At

2

some point during the pursuit, Dunmore threw an object to the ground. Officer Miller retrieved the object, a small white rock in a plastic baggie. Subsequent tests revealed that the baggie contained .38 grams of cocaine base. After Officer Miller retrieved the cocaine, the Officer handcuffed Dunmore.

On March 4, 2012, the State filed an Information charging Dunmore with possession of cocaine and resisting law enforcement. On August 10, 2012, Dunmore filed a motion to suppress, which the trial court denied. At the close of the evidence, a jury convicted Dunmore as charged.

Dunmore now appeals. Additional facts will be provided if necessary.

DISCUSSION AND DECISION

Dunmore contends that the trial court abused its discretion in denying his motion to suppress the cocaine he threw on the ground while Officer Miller was pursuing him. We note, however, that Dunmore did not file an interlocutory appeal. Rather, he proceeded to trial and objected to the admission of the same evidence. Once a case proceeds to trial, the question of whether the trial court erred in denying a motion to suppress is no longer viable. *Baird v. State*, 854 N.E.2d 398, 403 (Ind. Ct. App. 2006), *trans. denied*. A ruling upon a pretrial motion to suppress is not intended to serve as the final determination of admissibility because it was subject to modification at trial. *Id.* On appeal, Dunmore's only available argument is whether the trial court abused its discretion in admitting evidence at trial. *Id.*

We reverse a trial court's ruling on the admissibility of evidence only when the trial court abused its discretion. *Id.* An abuse of discretion may occur if a decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

Dunmore argues that the trial court abused its discretion in admitting evidence because the cocaine was seized without a warrant or reasonable suspicion. We addressed this same issue in *Gooch v. State*, 834 N.E.2d 1052 (Ind. Ct. App. 2005). There, a police officer observed Gooch and a woman walking away from an abandoned house. *Id.* at 1053. The officer ordered the couple to stop so he could investigate their connection to the abandoned house. *Id.* Gooch ignored the officer's command and continued walking until he crouched down behind a parked car. *Id.* When the officer ordered Gooch to stand and raise his hands, Gooch threw something. *Id.* The officer noticed two bags of marijuana and cocaine on the ground. *Id.*

The State charged Gooch with one count of possession of cocaine. *Id.* Gooch filed a motion to suppress the cocaine, which the trial court denied. *Id.* In an interlocutory appeal, this court determined that it did not have to address Gooch's Fourth Amendment claim because he abandoned the cocaine that he sought to suppress. *Id.* Specifically, this court noted that even though the officer was attempting to restrain Gooch's activities, Gooch's freedom was not interrupted, inasmuch as he failed to initially obey the officer's instructions. *Id.* Only after Gooch tossed the bag did the officer use force to restrain and handcuff Gooch. *Id.* As a result, the bag was subject to a lawful seizure by the police when Gooch tossed it to the ground. *Id.* Morever, Gooch

4

had not been seized at the time he tossed the bag of cocaine, so the drugs were not the product of an illegal seizure. *Id.* at 1054-55. We therefore affirmed the denial of Gooch's motion to suppress. *Id.* at 1055. *See also California v. Hodari D.*, 499 U.S. 621 (1991).

Here, as in *Gooch*, although Officer Miller was attempting to restrain Dunmore's acitivies, Dunmore's freedom was not interrupted, inasmuch as he failed to initially obey Officer Miller's instructions. Only after Dunmore tossed the bag did Officer Miller handcuff Dunmore. As a result, the bag was subject to a lawful seizure by the police when Dunmore tossed it to the ground. Moreover, Dunmore had not been seized at the time he tossed the bag, so the drugs were not the product of an illegal seizure. We therefore find that the trial court did not abuse its discretion when it admitted the cocaine into evidence.

<u>CONCLUSION</u>

Based on the foregoing, we conclude that the trial court did not abuse its discretion in admitting evidence.

Affirmed.

BAKER, J. and BARNES, J. concur

5