**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 19 2013, 7:09 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRIAN J. MAY**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN L. REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BERNARD L. STRICKLAND, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A05-1301-CR-10 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable J. Jerome Frese, Judge
Cause No. 71D03-1108-FB-121

**June 19, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, the appellant-defendant Bernard L. Strickland appeals his convictions for Burglary,[1] a class C felony, Resisting Law Enforcement,[2] a class A misdemeanor, Possession of Paraphernalia,[3] a class A misdemeanor, and for being a Habitual Offender.[4]

Strickland argues that some stolen power tools that police officers found in a trash can that Strickland had been hauling down the street were improperly admitted into evidence. Notwithstanding this contention, we find that Strickland had abandoned the trash can when he fled from the police officers. As a result, we conclude that the trial court properly admitted the stolen tools into evidence, and we affirm Strickland's convictions.

## FACTS

Sometime around 5:30 a.m. on July 26, 2011, Nidia Perez began making breakfast at her St. Joseph County residence. Perez heard a noise in her garage, looked out her kitchen window, and saw a man leaving the garage. As Perez screamed, her husband, Justo Gonzalez, went outside and noticed that the garage had been pried open.

Gonzalez determined that nearly $5000 worth of power tools had been stolen from the garage, and he immediately called the police. South Bend Police Officer Jason Stone

---

[1] Ind. Code § 35-43-2-1.

[2] Ind. Code § 35-44-3-3.

[3] Ind. Code § 35-48-4-8.3(a).

[4] Ind. Code § 35-50-2-8.

2

arrived at the residence and noticed that the garage door had been recently forced open and that there were "dust outlines" where the tools had been stored. Tr. p. 145-46.

Later that afternoon, at approximately 2:20 p.m., South Bend Police Officer David Trout was dispatched to a residential area after receiving a report that a man wearing a blue shirt was in the area pushing a trash can and stealing garments from nearby clotheslines. Approximately ten minutes later, Officer Trout drove to the area and observed an individual, who was later identified as Strickland, matching the man's description. Officer Trout drove his police vehicle towards Strickland and watched him push a trash can down a sidewalk. Strickland turned, saw the police car, picked up some sticks and brush, and tossed them into the garbage can.

Officer Trout exited his police car and approached Strickland. Strickland claimed that he was helping a friend clean the yard. When Officer Trout asked Strickland for the name of his friend, Strickland responded that he did not know. Officer Trout considered Strickland's behavior as "suspicious" and observed that his eyes were "darting . . . around" and not looking at him. Tr. p. 19, 174. Strickland turned around, placed his hands on his head, and Officer Trout began to pat him down for weapons. However, Strickland ran from the scene as Officer Trout was patting down Strickland's right leg.

Just before Strickland fled, Officer Tim Taylor arrived on the scene and saw the trash can about ten feet from Strickland and Officer Trout. Officer Taylor lifted the lid of the trash can and noticed a bag, some brush, and tools underneath. When Officer Taylor noticed Strickland running away, he joined in the foot pursuit. Strickland was

3

apprehended only a short distance away. The police officers searched Strickland and found a crack cocaine pipe in his pocket.

Officer Dominic Zultanski arrived on the scene, and the two other officers directed him to the trash can. Officer Zultanski secured the trash can and had it transported to the police station. Other police officers searched the trash can and found various power tools at the bottom of it. One of the tools had "Justo" written on it. Tr. p. 227-32. After Officer Zultanski read the police report that involved the burglary, he contacted Gonzalez who identified the tools as his.

On August 1, 2011, Strickland spoke with South Bend Police Officer Kelly Waite after being read his Miranda[5] rights. Strickland admitted that he was the individual who was "walking . . . with the trash barrel." Ex. 20.

Prior to trial, Strickland filed a motion to suppress, alleging that the South Bend police officers lacked the authority to stop and detain him and search the trash can. Strickland claimed that the search of the trash can violated his right to be free from illegal search and seizure. The trial court subsequently denied Strickland's motion to suppress.

Following a jury trial on September 27, 2012, Strickland was found guilty of burglary, a class C felony, resisting law enforcement, a class A misdemeanor, and possession of paraphernalia, a class A misdemeanor. Strickland was also found to be a habitual offender.

---

[5] Miranda v. Arizona, 384 U.S. 436, 469 (1966).

4

On December 11, 2012, the jury sentenced Strickland to eight years of incarceration for burglary that was enhanced by four years on the habitual offender count and two concurrent one-year terms for resisting law enforcement and possession of paraphernalia. Thus, Strickland was sentenced to an aggregate term of twelve years of incarceration in the Indiana Department of Correction (DOC). He now appeals.

## DISCUSSION AND DECISION

Strickland argues that the trial court erred in admitting the evidence that the police officers seized from the trash can. Specifically, Strickland claims that the evidence should have been excluded because the police officers unlawfully detained him, did not see him commit a crime, and there was no basis "for the pat down search." Appellant's Br. p. 7.

In resolving this issue, we initially observe that the decision to admit or exclude evidence is within the trial court's sound discretion. Johnson v. State, 831 N.E.2d 163, 168-69 (Ind. Ct. App. 2005). We will reverse only upon a showing of manifest abuse of discretion that results in the denial of a fair trial. Id. We do not reweigh the evidence and will consider conflicting evidence in a light most favorable to the trial court's ruling. Cole v. State, 878 N.E.2d 882, 885 (Ind. Ct. App. 2007).

Although Strickland claims that the stolen power tools should not have been admitted into evidence because Officer Trout allegedly improperly detained him, performed an illegal pat down, and illegally searched the trash can, we note that abandoned property is not subject to protection under the Fourth Amendment or Article I,

5

Section 11 of the Indiana Constitution. Campbell v. State, 841 N.E.2d 624, 627, 630 (Ind. Ct. App. 2006). Moreover, even if there may not be a reasonable suspicion to justify a stop, abandoned property is admissible because it has not been seized. Id. at 51-52; see also Miller v. State, 498 N.E.2d 53, 57 (Ind. Ct. App. 1986) (holding that it is only when illegal police activity or the threat thereof actually leads to the relinquishment of possession that the evidence must be suppressed).

We also note that the question of abandonment is primarily an issue of intent. State v. Machlah, 505 N.E.2d 873, 879 (Ind. Ct. App. 1987). Intent may be inferred from words, acts, and other objective facts. Abandonment rests upon whether the defendant so relinquished his interest in the property that he no longer retained a reasonable expectation of privacy in it at the time of the search. Id.

We have previously determined that a defendant's voluntary act of throwing something to the ground constitutes abandonment. Glenn v. State, 154 Ind. App. 474, 478, 290 N.E.2d 103, 106 (1972). When property has been abandoned, we need not address the propriety of the stop of a defendant when it is demonstrated that the defendant has abandoned the property that he sought to suppress. Wilson v. State, 825 N.E.2d 49, 50 (Ind. Ct. App. 2005).

Also, by way of illustration, the evidence in California v. Hodari D., established that the defendant, Hodari, fled the scene when a police officer approached. 499 U.S. 621, 626 (1991). Hodari dropped a quantity of cocaine when the officer was almost upon him. It was determined that a Fourth Amendment violation did not occur in Hodari

6

because "assuming the [officer's] pursuit . . . constituted 'a show of authority' enjoining Hodari to halt, since Hodari did not comply . . . he was not seized" until the officer tackled him. Therefore, "the cocaine that he abandoned while he was running was . . . not the fruit of a seizure." Id. at 626.

In this case, the evidence established that when Strickland was being patted down, he was almost ten feet away from the trash can that he had been pushing. Tr. p. 19-20, 43, 174-75. And when Strickland ran from the scene, he left the trash can behind. Id. at 20, 24, 33, 175, 200. And neither Officer Trout nor Officer Taylor had any additional contact with the trash can. Id. at 225-26. Rather, as noted above, it was Officer Zultanski who subsequently arrived at the scene and had the trash can secured and transported to the police station, where it was then searched. Id. at 225-27.

In light of these circumstances, we cannot say that Strickland's decision to abandon the trash can was caused by improper police misconduct or by an illegal seizure. As a result, we conclude that the trial court properly admitted the stolen power tools into evidence.

The judgment of the trial court is affirmed.

MAY, J., and MATHIAS, J., concur.