

**FILED**

Apr 23 2015, 9:09 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Kimmerly A. Klee
Greenwood, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Brian Reitz
Deputy Attorney General
Indianapolis, Indiana

I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| **J.B.,** *Appellant-Respondent,* <br><br> v. <br><br> **State of Indiana,** *Appellee-Petitioner.* | April 23, 2015 <br><br> Court of Appeals Case No. 49A02-1409-JV-688 <br><br> Appeal from the Marion Superior Court, Juvenile Division. <br> The Honorable Marilyn A. Moores, Judge. <br> The Honorable Geoffrey Gaither, Magistrate. <br> Cause No. 49D09-1407-JD-1740 |

**Sharpnack, Senior Judge**

# Statement of the Case

J.B. appeals from the juvenile court's determination that he committed an act that constituted dangerous possession of a firearm, a Class A misdemeanor.[1] We affirm.

# Issue

J.B. raises one issue, which we restate as:  whether the juvenile court abused its discretion in admitting evidence obtained from J.B.'s encounter with a police officer.

# Facts and Procedural History

On the evening of July 12, 2014, Officer John Wallace of the Indianapolis Metropolitan Police Department was on patrol in his marked car when he saw J.B. and three other individuals walking along the sidewalk.  J.B., who was seventeen years old at the time, saw Wallace's police car and threw a black object into a yard as he continued walking.  Officer Wallace was 125 feet from the group, and he noted that the object was "in an L shape" and was approximately six inches long.  Tr. p. 16.  Officer Wallace has extensive training and experience with firearms, and he believed that the object J.B. discarded was a handgun.  *Id.* at 14.

---

[1] Ind. Code § 35-47-10-5 (1996).

[4] Officer Wallace drove up to J.B. and his companions, got out of the car, and instructed them to sit on the sidewalk. Officer Wallace also requested assistance. When additional officers arrived, Officer Wallace walked to the yard into which he had seen J.B. discard the object. Officer Wallace found a nine millimeter handgun. There was nothing else in the yard that matched the size and color of the object that Officer Wallace saw J.B. discard.

[5] On July 14, 2014, the juvenile court authorized the State to file a petition alleging J.B. to be a delinquent child. On August 12, 2014, the court held an evidentiary hearing.[2] During the hearing, J.B. moved to suppress all evidence obtained as a result of his encounter with Officer Wallace. The court denied J.B.'s motion, determining that the officer had reasonable suspicion to detain J.B. At the end of the hearing, the court determined that J.B. was a delinquent child and scheduled a dispositional hearing.

[6] After the September 2, 2014 dispositional hearing, the juvenile court awarded J.B. to the guardianship of the Indiana Department Correction "until the age of 21, unless sooner released by the Department of Correction." Appellant's App. p. 11. The court recommended that J.B. be held at the Department of Correction "for a period of 6 months." *Id.* at 12. This appeal followed.

---

[2] At the hearing, the court also heard evidence in a separate juvenile case against J.B. under lower cause number 49D09-1406-JD-1487. The claims, evidence, and judgment in that lower cause number are not part of this appeal.

# Discussion and Decision

[7] J.B. argues that Officer Wallace detained him in violation of his constitutional protections against illegal search and seizure, as set forth in the Fourth Amendment to the United States Constitution and article 1, section 11 of the Indiana Constitution. J.B. argues the juvenile court erred in admitting the evidence obtained from Officer Wallace's encounter with J.B.

[8] The admission and exclusion of evidence falls within the sound discretion of the trial court, and we review the admission of evidence only for abuse of discretion. *Conley v. State*, 972 N.E.2d 864, 871 (Ind. 2012). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Id.* We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling, but we also consider any uncontested evidence favorable to the defendant. *Patterson v. State*, 958 N.E.2d 478, 482 (Ind. Ct. App. 2011).

## Fourth Amendment

[9] The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

[10] The protections granted by the Fourth Amendment have been extended to the states through the Fourteenth Amendment. *Sanders v. State*, 989 N.E.2d 332,

335 (Ind. 2013). The Fourth Amendment prohibits a warrantless search unless a valid exception to the warrant requirement exists. *Id.* When a search is conducted without a warrant, the State has the burden of proving that an exception to the warrant requirement existed at the time of the search. *Berry v. State*, 704 N.E.2d 462, 465 (Ind. 1998).

[11] One exception is abandoned property. It is not subject to Fourth Amendment protection and may be lawfully seized without a warrant. *Gooch v. State*, 834 N.E.2d 1052, 1053-54 (Ind. Ct. App. 2005), *trans. denied*. Abandonment rests upon whether the defendant relinquished an interest in the property to the point that he or she no longer retained a reasonable expectation of privacy in it at the time of the search. *Hines v. State*, 981 N.E.2d 150, 154 (Ind. Ct. App. 2013). Abandoned property is inadmissible if the abandonment occurs after the owner is improperly detained. *Gooch*, 834 N.E.2d at 1054.

[12] In the current case, J.B. discarded the handgun in a yard just after he saw Officer Wallace's police car. Officer Wallace found it laying on the ground, accessible to all. Thus, J.B. relinquished his interest in the gun. Furthermore, Officer Wallace had not yet approached or spoken to J.B. when J.B. discarded the handgun. Thus, J.B. was not yet seized or detained at the time of abandonment, and the handgun was properly admitted into evidence over J.B.'s Fourth Amendment objection. *See Wilson v. State*, 825 N.E.2d 49, 52 (Ind. Ct. App. 2005) (bag containing cocaine was properly admitted into evidence because defendant abandoned the bag prior to being seized by police).

[13]     As another exception to the Fourth Amendment's warrant requirement, an officer may conduct a brief investigatory stop of an individual when, based on a totality of the circumstances, the officer has a reasonable, articulable suspicion that criminal activity is afoot. *Hardister v. State*, 849 N.E.2d 563, 570 (Ind. 2006). The investigatory stop, also known as a *Terry* stop, is a lesser intrusion on the person than an arrest and may include a request to see identification and inquiry necessary to confirm or dispel the officer's suspicions. *Id.* Reasonable suspicion is determined on a case by case basis. *Patterson*, 958 N.E.2d at 482. The reasonable suspicion requirement is met where the facts known to the officer at the moment of the stop, together with the reasonable inferences from such facts, would cause an ordinarily prudent person to believe criminal activity has occurred or is about to occur. *Moultry v. State*, 808 N.E.2d 168, 171 (Ind. Ct. App. 2004).

[14]     In this case, Officer Wallace saw J.B. discard what he believed to be a firearm in a yard as J.B. walked along a sidewalk. J.B. discarded the firearm upon seeing Officer Wallace's marked police car. This information provided a particularized and objective basis for Officer Wallace to conclude that J.B. had illegally possessed a weapon, which justified the temporary detention of J.B. *See W.H. v. State*, 928 N.E.2d 288, 295 (Ind. Ct. App. 2010) (officers had reasonable suspicion to believe a juvenile had possessed a handgun because the juvenile displayed to another person an item tucked into the juvenile's waistband in a manner consistent with the possession of a handgun), *trans. denied*.

J.B. points to testimony by Officer Wallace that he was not absolutely certain that the object was a handgun when he saw J.B. throw it away. This argument is a request to reweigh the evidence. Officer Wallace told the court he saw a black object that was six inches long and was "in an L shape." Tr. p. 16. He believed that it was a firearm, which is sufficient to establish a reasonable, articulable suspicion of criminal activity. Officer Wallace's temporary detention of J.B. did not violate the Fourth Amendment.

# Article 1, Section 11

Article 1, section 11 of the Indiana Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.

Although the language of section 11 tracks the Fourth Amendment, section 11 requires a different analysis that focuses on the totality of the circumstances of a search or seizure. *McIlquham v. State*, 10 N.E.3d 506, 511 (Ind. 2014). The analysis turns on a balance of: 1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities, and 3) the extent of law enforcement needs. *Id.*

In this case, Officer Wallace had a high degree of suspicion or knowledge that J.B. had illegally possessed a firearm. He saw J.B. discard what appeared to be

a handgun in a yard just after J.B. noticed Officer Wallace's police car. Furthermore, the degree of intrusion was minimal, because Officer Wallace had J.B. sit on the sidewalk for a short time, without restraints, until other officers arrived and Officer Wallace confirmed that the object in question was a handgun. Finally, the extent of law enforcement needs was high, because Officer Wallace needed to confirm that the item was a handgun and, if so, secure it so that it did not endanger anyone in the neighborhood. He also needed to determine why J.B. had discarded a weapon in a yard. Under the totality of the circumstances, Officer Wallace did not act unreasonably in detaining J.B. to confirm his observation that J.B. had discarded a handgun, and there was no violation of J.B.'s rights under article 1, section 11. *See W.H.*, 928 N.E.2d at 297.

[19] J.B.'s federal and state constitutional claims are without merit, and the trial court did not abuse its discretion in admitting evidence obtained from Officer Wallace's encounter with J.B. *See id.*

## Conclusion

[20] For the reasons, stated above, we affirm the judgment of the juvenile court.

[21] Affirmed.

[22] Kirsch, J., and Bradford, J., concur.